Rockingham, }
June 24, 1937. }

AETNA LIFE INSURANCE CO. *& a.*

*v.*

NELLIE JOY CHANDLER *& a.*

96

*Hughes & Burns* and *Charles F. Hartnett* (*Mr. Burns* orally), for the plaintiffs.

*William H. Sleeper*, for the defendants.

MARBLE, J. It is the general rule that a bailee "has no right to delegate his power of user unless there is some understanding or agreement to that effect." 6 C. J. 1115. But a use "required by reasonable necessity" may sometimes be inferred from the terms of the bailment although not specifically included therein. *Evans* v. *Mason*, 64 N. H. 98, 99.

The trial court in the present case has found that the bailor permitted the bailee the reasonable use of the car for the bailee's needs, that the bailee had an urgent need for the car on the night of the accident, and that the use made of it was reasonable; that such use was within the permissive scope contemplated by the bailor and the bailee, and did not constitute a conversion. These findings are fully warranted by the evidence.

The bailee testified in part as follows: "Q. About a year before the accident happened did you have some understanding with Mrs. Chandler about this automobile? A. I was to drive for her. ... Q. And ... why did Mrs. Chandler have you drive for her at that time? A. Because she was unable to drive herself .... She just couldn't learn to drive. ... Q. When you went up there to Hampton what was done about the car, between you and Mrs. Chandler? A. I drove the car back and forth to the Tavern just as though it was my own ... Q. And what understanding did you have with her about the use that you were to make of the car? A. I was to use the car as though it was my own. ... Q. And you say that you used the car

as you would your own? A. Yes. Q. She understood that? . . .
A. There was nothing said that I could do or could not do. . . .
*Court:* Did she ever object to your using the car? *Witness:* No. I
drove just as though it was my car, using discretion of course because
it was her car. . . . Whenever she wanted to go some place I was to
take her and then when I went to work at Lamie's Tavern she gave
me permission to drive the car back and forth to work. If I stayed
down there I hired a garage to put it in and when I was at home I left
it in my own garage. . . . Q. If you wanted it for your own needs
and reasonable, why you understood you could. A. Yes."

On the facts found, the court correctly ruled that the coverage of
the policy extended to the bailee's agent, through whom at the time
of the accident the bailee was making a reasonable use of the car
for her urgent needs.

The plaintiffs made numerous requests for findings of fact and
rulings of law, and excepted to the court's refusal to grant these
requests in so far as "not covered in form or substance by the decree
as rendered."

The request for a ruling that the defendant assumed the burden
of proof on the issue of coverage (*Travelers Ins. Co.* v. *Greenough*, 88
N. H. 391) was obviously granted, since at the conclusion of the evi-
dence introduced at the original hearing the Presiding Justice stated
that the evidence failed to "throw any substantial light" on the issue
and permitted the case to be reopened at a later date for the intro-
duction of further testimony. His findings after a consideration of
this additional testimony were definite, affirmative assertions, deter-
mined unquestionably by a balance of the probabilities. The court
had discretionary power to reopen the case and receive the added
proof. *Dunlap* v. *Dunlap*, 84 N. H. 352, 353; *Stone* v. *Boscawen
Mills*, 71 N. H. 288, 290, and cases cited.

Plaintiffs' counsel in their brief state that certain requests relating
to inferences to be drawn from the evidence are "iterations of the
objection" voiced at the trial. The objection referred to was as
follows: "We ask that the testimony that she [Miss Harriman]
could use the car as if it were her own be stricken from the record."
Even though Mrs. Chandler had not granted that privilege in express
terms, evidence that Miss Harriman used the car as her own without
objection on Mrs. Chandler's part was clearly admissible. And this
evidence together with the other facts and circumstances surrounding
the bailment justified the inferences of fact which the trial court has
drawn.

Request No. 13 was as follows: "In considering the evidence of Mrs. Fleming [Miss Harriman] as to her understanding of the use of the car, the meaning of her words that she could use it as if it were her own, must be read as she described her use of such words on cross-examination that is, that she meant only operation of the car between Haverhill and Hampton and return." The court was entitled to consider Miss Harriman's testimony as a whole. The fact that her express permission to use the car may have been limited to traveling between Hampton and Haverhill did not as a matter of law preclude a finding, on all the evidence, that she had implied permission to make a reasonably necessary use of it outside the limits of those places. *Sauriolle* v. *O'Gorman*, 86 N. H. 39, 50.

The mere fact that no one except Miss Harriman had ever driven the car before did not mean, in the light of all the evidence, that Mrs. Chandler had no reason to anticipate such a contingency. Hence the court correctly denied the fourteenth request, "There is no evidence that the assured's car was ever used or allowed to be used by anyone but Mrs. Fleming [Miss Harriman] prior to the accident, and therefore there is no evidence that the assured had any reason to anticipate that Mrs. Fleming would let a third person use the car."

In view of the evidence as to Miss Harriman's use of the car as though it were her own, the court did not err in refusing to find that "The understanding between Mrs. Fleming [Miss Harriman] and the assured was that the former was to use the car personally."

According to the plaintiffs' brief, the sixteenth and seventeenth requests were predicated upon "the theory that express consent was a prerequisite to the liability of the insurer." This theory is untenable. "Some 'omnibus' clauses use the words 'express or implied consent', thereby precluding any question as to whether or not the consent contemplated by the clause may be implied as well as express. In other such clauses, the words 'permission', 'permission and consent', 'knowledge and consent', etc., if and when they are used, appear without definition; in that event, the word or words involved are construed to include implied permission, etc." Annotation, 72 A. L. R. 1375, 1398.

The substance of various other requests has already been considered, since each of these requests is virtually a motion for judgment.

The remaining requests have reference to the testimony of Wallace I. Randall as to Mrs. Chandler's statements and conduct after the accident occurred. Concerning this testimony the plaintiff requested the court to rule that "The evidence of Randall as to the alleged con-

versation with Mrs. Chandler is admissible only to impeach the credibility of Mrs. Chandler, and is not admissible either as an admission on the part of Mrs. Chandler or as evidence of the circumstances of, or surrounding the bailment." Mrs. Chandler is not properly a party to these proceedings nor is she, as bailor of the car, under any liability to the defendants. The request should have been granted. *Morin* v. *Insurance Co.*, 85 N. H. 471.

Although Randall testified at the first hearing, when the court stated that the evidence then introduced failed to throw any substantial light on the issue, the testimony was nevertheless received as having "some bearing in relationship." Furthermore, at the conclusion of the second hearing, the Presiding Justice remarked: "The evidence is closed and consists of what transpired at the original hearing and today." Under these circumstances the general rule "that the admission of incompetent evidence upon a material issue in a trial before any judicial tribunal vitiates the result" must be applied. *Doe* v. *Lucy*, 83 N. H. 160, 164.

*New trial.*

All concurred.