Hillsborough,
Nov. 4, 1942. } No. 3342.

ALLSTATE INSURANCE CO. *v.* GRANT W. HODSDON & *a.*

*Devine & Tobin (Mr. Tobin* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Wadleigh* orally), for the defendant Grant W. Hodsdon.

*Cheney, Nighswander & Lord (Mr. Nighswander* orally), for the defendants, Florence Hodsdon, Beatrice Judkins and Dorothy Martin.

*Chretien & Craig,* for Emanuel R. Rousseau, Administrator of the estate of Jules J. Rousseau.

BRANCH, J. "It is the general rule that a bailee has no right to delegate his power of user unless there is some understanding or agreement to that effect." *Aetna Life Insurance Company* v. *Chandler,* 89 N. H. 95, 97; *Jesukevich* v. *Laporte,* 89 N. H. 242; 6 C. J. 1115. It was, therefore, incumbent upon the defendant to produce evidence of "some understanding or agreement" between Chris Sakellarios and his father, authorizing Chris to permit Rousseau to use the car as he did. There is no such evidence in the case, and the ruling of the trial court was, therefore, correct. The mere relationship of father and son subsisting between the assured and Chris Sakellarios furnished no basis for an inference that such an understanding or agreement existed between them. *Cronan* v. *Indemnity Co.,* 126 N. J. L. 56; *Hinton* v. *Carmody,* 186 Wash. 242; *Shoup* v. *Clemans,* 31 N. E. Rep. (2d) 103.

The argument that the clause in question was designed "for the protection of those lawfully travelling upon the public highway" and that "as long as the chain of express permissions has not been broken by a conversion or by an illegal taking, the policy should cover," might well be addressed to the legislature in advocacy of a change in the Financial Responsibility Act. It suggests no ground for holding the insurer responsible for a wholly unpermitted use of the insured car under a policy which covers only "use with the permission of the named assured."

*Judgment for the plaintiff.*

All concurred.