Merrimack,
No. 4492.

MILWAUKEE INSURANCE COMPANY

*v.*

EUGENE A. MORRILL & a.

Argued May 1, 1956.

Decided May 31, 1956.

*Sheehan, Phinney & Bass* and *Joseph F. Devan* (*Mr. Devan* orally), for the plaintiff.

*Devine & Millimet* and *Bartram C. Branch* (*Mr. Branch* orally), for the defendants Maryrose Mallon Smith and Herbert E. Smith.

BLANDIN, J. In regard to the first question, the plaintiff claims it is not obliged to furnish coverage to Morrill, first, because of an exclusion in the policy which provides that it does not cover "any automobile . . . furnished for regular use to the Named Insured" or "any automobile while used in the business or occupation of the Named Insured . . . " Clause V (b) (1) (2). In the absence of statute, the fact that the truck which Morrill was driving at the time of the accident was furnished for his regular use and was then being used in his business would be decisive in favor of the plaintiff. *Davy* v. *Merchants &c. Cas. Co.*, 97 N. H. 236, 238, 239. However, no conditions or exclusion in the policy can override our Financial Responsibility Law (R. L., c. 122, now RSA ch. 268). *Phoenix Ind. Co.* v. *Conwell*, 94 N. H. 146, 148. The fundamental purpose of the Law is to furnish compensation for innocent persons who may be injured by the negligent operation of motor vehicles. *Hartford Ind. Co.* v. *Wolbarst*, 95 N. H. 40, 43. This purpose is not to "be fettered by independent restrictions." *American Mut. &c. Ins. Co.* v. *Chaput*, 95 N. H. 200, 204. The rights of such persons are not merely derivative from those of the insured but are to an extent independent and greater as they rest on the statute. *Farm Bureau Ins. Co.* v. *Martin*, 97 N. H. 196, 199, and authorities cited. In so far as statutory coverage exists, the rights of the injured parties here become absolute upon the occurrence of the accident and cannot be defeated by any terms of the policy. *Hartford Ind. Co.* v. *Wolbarst, supra*, 44. Furthermore, no failure of the insured, as alleged by the plaintiff, to notify it of the accident under Condition 1 of the policy can avoid coverage as against the injured parties. *Merchants &c. Cas. Co.* v. *Tuttle*, 98 N. H. 349, 353.

However, the plaintiff further asserts that under the provisions of Laws 1947, *c.* 118, *s.* 1, now RSA 268:26, applicable here, Morrill, as an employee of the federal government, was excluded from coverage. This section says that the provisions of the chapter "shall not apply to a motor vehicle owned by . . . the federal government . . . . " However, this statute, originally Laws 1937, *c.* 161, *s.* 26, has apparently been carefully considered and amended on a number of occasions. In addition to the portion already quoted, the statute goes on to say that the chapter shall not apply to "a member of the national guard while engaged in military

duty . . . nor to . . . fireman . . . nor to . . . police officer, nor to state police employee, while on official duty, operating a motor vehicle owned by the state or said fire or police department and shall not apply to said motor vehicle while so operated." When first enacted, it provided that it should not apply to a member of the national guard or a federal vehicle when operated by him while on military duty (Laws 1939, c. 153), or to a municipal fireman while on duty "operating a motor vehicle owned by the state or said fire department and shall not apply to said motor vehicle while so operated." Laws 1939, c. 163. These two sections were consolidated in the 1942 revision, R. L., c. 122, s. 25. In the revision federal vehicles were put in by themselves, as now, followed by national guardsmen on duty regardless of who owned the vehicle, firemen while operating a public vehicle on duty and the vehicle itself at such times was also exempted. In Laws 1947, c. 118, policemen while operating a public vehicle on duty were excepted as was "said motor vehicle while so operated." In construing RSA 268:26 in the light of its legislative history, it is significant that the requirement in the original provisions (Laws 1939, c. 153), that a federal vehicle be operated by a national guardsman on duty in order to be exempted was eliminated by R. L., c. 122, s. 25, and the vehicle excepted regardless of who operated it. However, beginning with Laws 1939, c. 163, and in succeeding amendments, *both the vehicle and the operator* were excepted in the case of state or municipally owned vehicles. The fact that certain state and municipal employees are expressly excepted, while federal employees are not, is persuasive evidence that no such exception was intended. *American Mutual Liability Ins. Co.* v. *Ohmart*, 100 N. H. 167, and cases cited.

Furthermore, RSA 268:1 VII (b), formerly R. L., c. 122, s. 1 VII (b), specifically requires that indemnity be provided to the named insured "with respect to the *presence* of any such insured *in any other motor vehicle*, from liability as a result of accidents which occur in New Hampshire due to the operation of any motor vehicle . . . not owned . . . by such insured, provided, however, the insurance afforded under this subparagraph (b) applies only if no other valid and collectible insurance is available to the insured." (Emphasis supplied.) This language is positive and unequivocal. It is in keeping with the purpose of our Financial Responsibility Law and our previous interpretations of it and is not to be ignored or overridden, without compelling reasons. It is

true that the protection required by the statute has its limits. *Cf. Employers &c. Corp.* v. *Roux,* 98 N. H. 309. However, we believe viewing the law as a whole, the intent is clear that the policy which Morrill held on his own car was meant to furnish him coverage up to the minimum limits required by RSA 268:1 VII (a) while he was operating any other motor vehicle including the federal truck. It being agreed that there was no other valid and collectible insurance (*Merchants &c. Cas. Co.* v. *Tuttle,* 98 N. H. 349, *supra*) the plaintiff must furnish Morrill coverage for the accident up to the minimum limits required by (a) *supra. Farm Bureau Ins. Co.* v. *Martin,* 97 N. H. 196, 201, 202.

The second question transferred is whether the plaintiff has a right to reimbursement from Morrill. The act permits this when the insurance contract so stipulates. RSA 268:15. The policy here provides that "The Insured agrees to reimburse the Company for any payment made by the Company which it would not have been obligated to make under the terms of this policy except for" the Financial Responsibility Law. This wording is plain and no reason appears why the provision should not be enforced. *Hartford Ind. Co.* v. *Wolbarst,* 95 N. H. 40, 45; see *Farm Bureau Ins. Co.* v. *Martin, supra,* 199. It follows that the company is entitled to reimbursement from Morrill to the extent that it may become liable in the actions against him by the injured third parties. The order is

*Remanded.*

All concurred.