Grafton,
No. 5650.

SUTTON MUTUAL INSURANCE COMPANY

*v.*

DOROTHY O'BRIEN *& a.*

Argued September 8, 1967.
Decided October 31, 1967.

*Bell & Kennedy* ( *Mr. Ernest L. Bell III* orally ), for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch* ( *Mr. Shane Devine* orally ), for the defendant Dorothy O'Brien.

*Batchelder & Murphy* for the defendants Sawyer and John O'Brien, filed no brief.

DUNCAN, J. The claim of error advanced by the defendant Dorothy O'Brien is that the Trial Court erred in finding that she did not have permission to use the vehicle. The argument in support of this contention is based upon the "relationship [of] the parties" ( *Standard &c. Ins. Co.* v. *Gore,* 99 N. H. 277, 282 ) and the assertion that the evidence makes it "clear that Mrs. O'Brien had to procure the car keys from Mr. Boyce," and thus had "tacit permission" to use the car. *Allstate Ins. Co.* v. *Page,* 105 N. H. 410, 413. A review of the record in the case however indicates that this conclusion was not compelled, and that the findings made were supported by the evidence.

The plaintiff's insured admittedly required periodic treatment for alcoholism, a circumstance which occasioned the appointment of the conservator before the policy was issued. On the day of the accident, he had transported a friend, Mrs. O'Brien, from Plymouth, where she lived, to Woodsville and back. There was evidence that Mrs. O'Brien drove the automobile on the return trip, and that Mr. Boyce had had some wine to drink while Mrs. O'Brien transacted her business at Woodsville. On return to Plymouth late in the afternoon, the insured vehicle was parked directly behind the O'Brien car in front of the O'Brien home, to which the parties went. Thereafter, Mrs. O'Brien had occasion to visit her mother in Plymouth and she drove the Boyce car in doing so taking her husband as a passenger. While she was there, occasion arose for her husband to go to Holderness on business. Since he had no license to operate a motor vehicle, Mrs. O'Brien took him there in the Boyce vehicle. On the return trip the vehicle left the road and overturned.

In a statement given by Boyce to an adjuster for the plaintiff on July 21, 1964, which he later testified was true, he stated that he was unaware that the O'Briens had taken his car, or that they were going to; that they took his car instead of their own for some reason unknown to him; and that they had not been forbidden to use it, because they had never asked to use it. By a letter written to the adjuster on the following day, Boyce stated: "to the best of my knowledge I did not personally hand over the keys of my car to Dorothy O'Brien."

The defendant Dorothy points out that Boyce testified that it was his habit not to leave the keys in the car, and that while he had no memory as to whether Mrs. O'Brien asked to use the car the night of the accident, if she had asked, he would have allowed

her to use it. From this it is argued that it is difficult to see how any reasonable person could find that with her own car immediately available she would take the Boyce car without permission.

Other testimony by Boyce suggested that the keys may have been taken from the mantelpiece in the O'Brien home while Boyce was watching television. Mrs. O'Brien testified that she obtained the keys from Boyce himself, but her testimony was not such to compel belief, especially in view of her admission on the stand that certain prior statements by her had been untrue.

We think it apparent from the record as a whole that the conflicts in the evidence presented a question of fact for the Trial Justice upon which his finding must be accepted as final, since supported by the record. *Hardware Mut. Cas. Co.* v. *Hopkins,* 106 N. H. 412, 417. The *Gore* and *Page* cases, *supra,* relied upon by the defendants are distinguishable, in one or more important particulars. The evidence in this case failed to establish that the insured gave "tacit permission" to Mrs. O'Brien to use the automobile by turning over to her the keys to the car, or that any previous course of conduct warranted an implication of consent to her use of the insured vehicle without the express permission of its owner. See RSA 268:16 VI.

Since it is our conclusion that the findings of the Trial Court must be sustained, other issues discussed by the parties do not require consideration in this court.

*Exceptions overruled; judgment for the plaintiff.*

All concurred.