Hillsborough,
No. 5870.

### LUMBERMENS MUTUAL CASUALTY COMPANY

*v.*

### GWENETH GILCHREST, *Adm'x & a.*

December 30, 1969.

*Devine, Millimet, McDonough, Stahl & Branch* ( *Mr. Shane Devine* orally ), for the plaintiff.

*William D. Tribble* for the defendant, Gweneth Gilchrest, administratrix of the estate of Herbert M. Gilchrest, filed no brief.

*Howard B. Lane* for the defendants, filed no brief.

KENISON, C. J.   Petition for a declaratory judgment ( RSA 491: 22 ) by the plaintiff insurance company for a determination of whether it was required to defend and afford liability coverage to its named insured, Coleman, who was operating his sister's automobile and was involved in a collision with Herbert M. Gilchrest with resulting personal injuries to the sister and the death of Gilchrest.  After the petition was filed counsel for the parties submitted an agreed case on stipulated facts as amended February 29, 1968.  *Powell* v. *T. A. & C. Taxi Co.*, 104 N. H. 428, 429, 188 A. 2d 654; *Lariviere* v. *New Hampshire Fire Ins. Co.*, 105 N. H. 73, 193 A. 2d 13.  The Trial Court ruled that there was no coverage apart from the financial responsibility law ( RSA ch. 268 ) but that that law required the plaintiff to provide coverage to Coleman up to the minimum coverage required by statute and that Coleman was obligated under the terms of the policy to reimburse the plaintiff for any payment made.  The Court ( *Flynn*, J. ) reserved and transferred the plaintiff's exceptions to that portion of the ruling which holds that the provisions of the Financial Responsibility Law require coverage.

The pertinent facts are summarized fairly in the plaintiff's brief. On October 15, 1960 the plaintiff issued to Herbert D. Coleman, Jr. its policy providing coverage for a Ford automobile owned by him.  This vehicle was registered in and insured in this state. At the time the policy was issued Coleman was serving in the Armed Forces in Texas but his home was located at Pine Street, Swanzey, New Hampshire where his parents and his sister, Patricia Phelps, also resided.  On December 22, 1960 Coleman was home on leave and he decided to travel to Manchester, New Hampshire. As it was snowing that day and as his automobile was not equipped with snowtreads, he borrowed a 1960 Ford owned by his sister which was equipped with snowtreads. On the trip to Manchester Coleman was involved in a collision with a vehicle owned by

Herbert Gilchrest. The accident resulted in injuries which were allegedly fatal to Gilchrest. His estate commenced actions against Coleman and his sister, seeking recovery for wrongful death and property damage to the motor vehicle.

The plaintiff relies on *Hardware &c. Cas. Co.* v. *Tobyne*, 98 N. H. 318, 100 A. 2d 419 as authority for denying coverage to Coleman while driving his sister's automobile for the accident in question. In *Tobyne* we held that the financial responsibility act did not extend coverage to a husband while operating an uninsured truck owned by the wife. The applicable statute at that time, as well as at the time of the accident in the present case, defines a "Motor Vehicle Liability Policy" as a policy of liability insurance

"( b ) which provides . . . indemnity for or protection to the named insured and to the spouse of such named insured as insured if a resident of the same household, or the private chauffeur or domestic servant acting within the scope of the employment of any such insured with respect to the presence of any such insured in any other motor vehicle, from liability as a result of accidents which occur in New Hampshire due to the operation of any motor vehicle, trailer, or semi-trailer *not owned in whole or in part by such insured*, provided, however, the insurance afforded under this subparagraph ( b ) applies only if no other valid and collectible insurance is available to the insured." RSA 268:1, VII ( b ) ( Emphasis supplied ). The Court construed the phrase "such insured" to include the wife of the insured, *Tobyne, supra,* 323-324. Since the truck was owned by her its operation by the husband was not covered by RSA 268:1, VII ( b ) which applies to vehicles "not owned in whole or in part by such insured."

The present case is distinguishable from *Tobyne, supra.* Coleman's sister is not within those named as insureds by RSA 268:1, VII ( b ) and so her automobile is "not owned . . . by such insured" as was true in *Tobyne*. Consequently Coleman's operation of his sister's automobile was within the coverage of the financial responsibility act and plaintiff was required to defend Coleman and to pay any judgments against him up to the statutory minimum requirements of the coverage provided by RSA 268:19. See Annot. 86 A.L.R. 2d 937.

RSA 268:15 permits a policy to provide for reimbursement to

the insurer for "payment made on account of any loss or damage claim or suit involving a breach of the terms, provisions or conditions of the policy . . . ." In *Milwaukee Ins. Co.* v. *Morrill*, 100 N. H. 239, 123 A. 2d 163 we ruled that a policy provision similar to Condition 10 in the present policy was valid and held that the company was entitled to reimbursement to the extent that it became liable in actions against the driver by the injured third parties. Therefore the Court's ruling that Coleman is under obligation to reimburse the plaintiff for any payment made under the terms of the policy is correct.

Accordingly the rulings and decree of the Trial Court are sustained and the plaintiff is obligated to provide coverage to Coleman subject to reimbursement.

*Plaintiff's exceptions overruled; remanded.*

All concurred.