CONCORD GENERAL MUTUAL INSUR-
ANCE COMPANY

v.

Frederick McLAIN.

Supreme Judicial Court of Maine.

Nov. 3, 1970.

Berman, Berman & Simmons by Jack H. Simmons, Lewiston, for plaintiff.

Paine, Cohen & Lynch, by James G. Lynch, and William S. Cohen, Bangor, for defendant.

Before DUFRESNE, C. J., and MARDEN, WEATHERBEE and POMEROY, JJ.

MARDEN, Justice.

On appeal from declaratory judgment in favor of plaintiff. One Lee was required to furnish proof of financial responsibility under the provisions of 29 M.R.S.A. § 781 et seq.[1] Plaintiff certified coverage of Lee by what is known as an "Operator's" policy, "applicable to any non-owned vehicle," which policy, effective March 13, 1969, carried an endorsement providing that "the insurance does not apply: (a) To any automobile owned by the named insured * * *." This coverage was accepted by the Secretary of State, who issued an *unrestricted* operator's license.

On or about May 9, 1969 Lee purchased a truck, of which purchase the plaintiff was not notified, and while operating it, on or about May 17, 1969, was involved in an accident which caused personal injury to defendant McLain.

On September 3, 1969 McLain filed a complaint against Lee for personal injuries, pending which the plaintiff filed its complaint for declaratory judgment (14 M.R.S.A. §§ 5951–5963, inclusive) to determine its obligation, if any, under the reference policy. Decision of the single Justice, to whom the issue was submitted, held that plaintiff was not obligated and enjoined defendants from proceeding against plaintiff to reach and apply the proceeds of the policy in satisfaction of any judgment obtained by McLain or in indemnification of Lee for any amount paid by him in full or partial satisfaction of McLain's claim. Appeal was taken by McLain.

The statement of points of appeal was in general terms alleging error on the part of the single Justice in reaching the conclusion recited above, and appellee raises a threshold question as to the sufficiency, under Rule 74(d) M.R.C.P.,[2] of the points of appeal, urging that lack of particularity requires that the appeal should be deemed waived. Frost v. Lucey, Me., 231 A.2d 441, [1–3] 445.

Inasmuch as the facts were not in dispute and were "fully covered by the pretrial memorandum and order and certain factual allegations in the complaint incorporated in the memorandum by reference" (Decree below), all of which was included in the designation of record on appeal, and the statement of points on appeal fairly disclosed the contentions of appellant, there is no cause to impose waiver sanctions.

It is conceded that resolution of the issue turns upon our statutes dealing with the subject. Briefly stated, the question is whether the Operator's (nonowner's) liability policy issued Lee, and tendered to the Secretary of State in compliance with

---

1. Motor vehicle law as of pertinent date requiring proof of financial responsibility by an uninsured operator of a motor vehicle following an accident "which has resulted in death, bodily injury or property damage to an apparent extent of $100. or more."

   Some sections of the statute have since been amended by Chapter 363 P.L.1969, effective October 1, 1969.

2. "Rule 74(d). *Statement of Points.* If the appellant does not designate for inclusion the complete record * * *, he shall serve with his designation a concise statement of the points on which he intends to rely on the appeal, and any point not so stated may be deemed waived. No such statement shall be deemed insufficient if it fairly discloses the contentions which the appellant intends to urge before the Law Court."

financial responsibility requirement,[3] complies with the statutory demand and, if not, whether its terms are extended by reason of the financial responsibility law to cover Lee as an owner.

The principle involved is that parties to an insurance contract "cannot make a contract which is prohibited by law or contrary to public policy, and where there is a conflict between * * * statutory provisions on the one hand and the provisions of an insurance policy on the other, the former must prevail." 43 Am.Jur.2d., Insurance § 237.

> "Existing and valid statutory provisions enter into and form a part of all contracts of insurance to which they are pertinent and applicable as fully as if such provisions were written into them." 43 Am.Jur.2d., Insurance § 289.

■ Applying this principle to contracts of automobile insurance, the coverage required by the financial responsibility law forms a part of all policies tendered in compliance with the statute and affords coverage co-extensive with that required by the statute. See Cooper et al. v. Commercial Insurance Company, 14 A.D.2d 55, 216 N.Y.S.2d 1004, affirmed 11 N.Y.2d 818, 227 N.Y.S.2d 438, 182 N.E.2d 111 (1962), Milwaukee Insurance Company v. Morrill, 100 N.H. 239, 123 A.2d 163, [1–4] 164, [5] 166 (N.H.1956), Inland Mutual Insurance Company v. Stallings, 263 F.2d 852, [6] 856 (4 CCA 1959—Maryland statute), and Van Erem v. Dairyland Mutual Insurance Company, 5 Wis.2d 450, 93 N.W.2d 511 (Wisconsin statute).

We are brought then to the question of whether the Operator's policy issued by plaintiff satisfies our financial responsibility law?

The statute has two applications, the first requiring proof of financial responsibility after an accident to prevent suspension or revocation of the operator's license and the registration of the vehicle involved (29 M.R.S.A. § 783, subsection 2, Paragraph A). By express terms (Section 783, subsection 5, Paragraph F) the suspension and/or revocation provision does not apply "to the owner or licensed operator of a motor vehicle * * * involved in an accident, if such owner had in effect at the time of such accident an automobile liability policy with respect to the motor vehicle, * * * involved in such accident; nor to such operator, if not the owner of such motor vehicle, * * * if there was in effect at the time of such accident an automobile liability policy * * * with respect to his operation of motor vehicles not owned by him; * * *."

The statute does not in express terms permit the filing of an Operator's policy as proof of *future* responsibility.

> For cases where the statute so provides, see Ohm v. Fireman's Fund Indemnity Company, 211 Or. 596, 317 P.2d 575, [1] 576 (1957), Booth v. American Casualty Company of Reading, Pennsylvania, 261 F.2d 389, [2, 3] 392 (4 CCA 1958, S.C. statute), Gray v. Citizens Casualty Company of New York, 286 F.2d 625, 626 (4 CCA 1961, Md. statute), and see also Annot. 88 A.L.R.2d 995.

Proof of financial responsibility when required may be given under Section 787, subsection 2 by any of three methods, the method here elected was as provided in Paragraph A:

> "By filing with the Secretary of State a certificate, as defined in section 781, of an insurance company * * *."

Section 786, subsection 2 provides that:

> "A motor vehicle liability policy certified as proof of financial responsibility in

---

**3.** Plaintiff's certificate reads: "The company signatory hereto hereby certifies that it has issued to the above named insured a motor vehicle liability policy as re-

quired by the financial responsibility laws of this state, which policy is in effect on the effective date of this certificate."

accordance with section 787 shall be subject to the following provisions which need not be contained therein: * * *

"B. The policy, * * * and any rider or endorsement which shall not conflict with this subchapter, shall constitute the entire contract between the parties."

Subsection 4 provides, in pertinent part, that:

"No motor vehicle liability policy other than that defined in section 781 shall be certified as proof of financial responsibility * * *."

Section 781, subsection 1, Paragraph D defines the motor vehicle liability policy which is acceptable in compliance with the statute as:

"(A) policy of liability insurance certified as proof of financial responsibility in accordance with section 787, and which provides indemnity for or protection to the insured and any person responsible to him for the operation of the *insured's motor vehicle* * * * against loss by reason of the liability to pay damages to others * * * arising out of the ownership, operation, maintenance, control or use * * * *of such motor vehicle,* * * *."* (emphasis added)

and fixes minimum limits of coverage. This requires an *owner's* policy.

■ Section 787, subsection 7, which deals with penalties for operating a motor vehicle without required proof of financial responsibility, has as its closing sentence:

"Where any person is required under this subchapter to maintain proof of financial responsibility, the Secretary of State may issue a *restricted* license to such person, authorizing the operation of any motor vehicle, * * * *so long as the owner thereof shall maintain proof of financial responsibility."* (emphasis added)

This sentence was added in 1955 (P.L.1955 Chapter 395 § 7) as one of several amendments to the law, adopted without legislative debate. See Legislative Record 1955.

This amendment does not modify the protection demanded by Section 781 as given above. It permits non car-owning persons of whom proof of financial responsibility is required to hold an operator's license restricted to the operation of motor vehicles whose owners have liability insurance in compliance with Section 781.

■ The administrative action of the Secretary of State in granting an *unrestricted* operator's license to Lee is not controlling.

Assuming such grant to have been a mistake, it can be of no benefit to Lee. The State, under these circumstances, is not estopped from enforcing the statute. See McComb v. Homeworkers' Handicraft Cooperative et al, 4 Cir., 176 F.2d 633, [10, 11] 641, Harris v. State, 207 Okl. 589, 251 P.2d 799, [1, 2] 802, and in principle A. H. Benoit & Company v. Johnson 160 Me. 201, 207, 202 A.2d 1.

A restricted operator's license authorizing the operation of any motor vehicle is a contradiction unless conditioned upon independent insurance coverage of the car being operated.

■ When the demands of a financial responsibility statute are met by an Operator's policy which covers the driver in the operation of *any* vehicle, e. g. in Maryland according to *Inland supra,* [6] 263 F.2d at page 856, the coverage includes the operation of an *owned* vehicle, and an endorsement on such a policy purporting to limit the coverage to nonowned vehicles is invalid. *Inland, supra,* and *Van Erem, supra,* [3] 93 N.W.2d at page 513.

The purpose of our statute is to protect the public from the damaging operation of any motor vehicles by any driver, the driving record of whom has justified

proof of financial responsibility. The vehicle involved,—assuming a valid relation between the vehicle and its operator must be covered. Such protection is secured only by an Owner's policy, or an Operator's (nonowner's) policy covering *any* vehicle, but our statute does not recognize an Operator's policy as fulfilling its requirements. A fortiori the Operator's policy with the limiting endorsement tendered by plaintiff does not meet the requirements of our financial responsibility law, does conflict with its demands and its coverage is extended to the coverage required, by operation of law. Plaintiff is obligated to respond on behalf of Lee as an owner.

Appeal sustained.

WEBBER, J., did not sit.