Belknap
No. 78-093

GOVERNMENT EMPLOYEES INSURANCE COMPANY

v.

EVELYN M. JOHNSON, ADMINISTRATRIX
OF THE
ESTATE OF DONNA M. JOHNSON, & a.

December 29, 1978

*Devine, Millimet, Stahl & Branch,* of Manchester (*Andrew Dunn* orally), for the plaintiff.

*Nadeau & Reiner P.A.,* of Portsmouth (*Gary H. Reiner* orally), for Evelyn M. Johnson, Administratrix of the Estate of Donna M. Johnson, & a.

BROCK, J.    This is a petition for declaratory judgment brought by Government Employees Insurance Company (GEICO) to determine coverage under a motor vehicle family liability policy issued by GEICO to George Garneau, Sr., as the named insured, covering his 1972 Ford Torino. The owned vehicle was involved in a single car accident on August 30, 1974, in Laconia, New Hampshire, in which both the operator, Thomas Gottwald, and the only passenger, Donna M. Johnson, were killed. The Court (*Batchelder,* J.) approved the ruling of the Master (*Leonard C. Hardwick, Esq.*), that GEICO had no obligation to defend or indemnify Thomas Gottwald's estate in a negligence action brought by Donna Johnson's estate because at the time of the accident Gottwald was driving the vehicle without the permission of its owner. We reverse.

The issue presented for decision is whether either the standard omnibus clause in the liability policy or the provisions of RSA 268:16 mandate coverage for the use of a vehicle by a "secondary permittee," a person who operates a vehicle without the express permission of the named insured, but with the permission of someone whose use was authorized by the named insured. We have not addressed this issue in this setting since our decision thirty-six years ago in *Allstate Insurance Co. v. Hodsdon*, 92 N.H. 233, 29 A.2d 782 (1942). In light of more recent decisions in this and other jurisdictions, a reconsideration of the issue presented is appropriate.

There is little dispute as to the facts. In August 1974, George Garneau, Sr., was vacationing in Canada. He left his car at home in Laconia for the use of his sixteen-year-old son George, Jr., and told his son not to allow anyone else to drive it. On the night of the accident, George, Jr., used the car to bring his friends Thomas Gottwald, Helen Tinney, and Donna Johnson to the Garneau home where they consumed some beer. Later that evening George, Jr., insisted, over Thomas's objections, that Thomas use the Garneau car to take Donna out for a ride. During that ride the vehicle went out of control at high speed and crashed into a tree, killing both occupants.

The liability policy issued by GEICO to George Garneau, Sr., contained a standard omnibus clause defining "persons insured" as:

(1) the named insured and any resident of the same household;

(2) any other person using such automobile with the permission of the named insured, provided his actual operation . . . is within the scope of such permission. . . .

Under the facts as found we are unable to conclude that Thomas's operation of the vehicle was within the scope of the permission given by the named insured, George Garneau, Sr. *Hardware Mut. Cas. Co. v. Hopkins*, 106 N.H. 412, 213 A.2d 692 (1965). Nor can we find here, as we have elsewhere, that the trip taken by Thomas and Donna constituted use of the vehicle by George Garneau, Jr., who was a "person insured" as a resident of his father's household. *Travelers Ins. Co. v. Kipp*, 105 N.H. 200, 196 A.2d 48 (1963); *Aetna Life Ins. Co. v. Chandler*, 89 N.H. 95, 193 A. 233 (1937). We therefore affirm the master's determination that Thomas Gottwald was not a "person insured" as defined in the liability policy.

Notwithstanding the language of the policy, coverage may be required in this case by the Financial Responsibility Law, RSA 268:16 VI, which provides that:

> The insurance applies to any person who has obtained possession or control of the motor vehicle of the insured with his express or implied consent even though the use in the course of which liability to pay damages arises has been expressly or impliedly forbidden by the insured or is otherwise unauthorized. This provision, however, shall not apply to the use of a motor vehicle converted with the intent wrongfully to deprive the owner of his property therein.

The purpose of this statute is to provide minimum insurance coverage to persons harmed by the negligent operation of motor vehicles. *American Mut. Ins. Co. v. Commercial Union Ins. Co.*, 116 N.H. 210, 357 A.2d 873 (1976); *Peerless Ins. Co. v. Vigue*, 115 N.H. 492, 345 A.2d 399 (1975). " 'The rights of the injured party are not simply derivative from those of the insured. They are to some extent independent of those rights and are gained from the statute . . . and cannot be defeated by the express terms of the insurance policy.' " *Farm Bureau Auto Ins. Co. v. Martin*, 97 N.H. 196, 199, 84 A.2d 823, 825, 29 A.L.R.2d 811, 814 (1951).

In order to be covered under the statute, the person operating the vehicle must have the express or implied consent of the named insured or owner of the vehicle. *Accord, Commercial Union Assurance Co. v. Town of Derry*, 118 N.H. 469, 387 A.2d 1171 (1978); Annot., 4 A.L.R.3d 10, 23–4 (1965). Consent can be implied from the totality of circumstances surrounding a given use of a vehicle. *Allstate Ins. Co. v. Page*, 105 N.H. 410, 200 A.2d 851 (1964). To all appearances, George, Jr., had possession and full control of his parents' home and automobile while they were out of town. Thomas had good reason to believe that he was using the vehicle with the permission of a person authorized to give consent. 7 J. Appleman, Insurance Law & Practice s. 4365 (1962, Supp. 1977). He had no way of knowing of the instructions from George Garneau, Sr., restricting that authority. Their use did not constitute a conversion of the car. *Allstate Ins. Co. v. Page supra; Aetna Life Ins. Co. v. Chandler*, 89 N.H. 95, 193 A. 233 (1937).

This case is distinguishable on its facts from those where the chain of permission was broken. *Sutton Mut. Ins. Co. v. O'Brien*, 108 N.H. 325, 234 A.2d 528 (1967); *Hinchey v. Nat'l Surety Co.*, 99 N.H. 373, 111 A.2d 827 (1955).

We have previously held that express limitations on the scope of permissive use of an automobile do not defeat coverage

under RSA 268:16, even where the actual operation giving rise to the insurer's liability was clearly outside the scope of permission. *Concord Gen. Mut. Ins. Co. v. Haynes*, 110 N.H. 76, 260 A.2d 99 (1969). This "initial permission" rule, while admittedly a minority rule, 4 A.L.R.3d at 40–41, is fully consistent with the language of RSA 268:16 III that "no statement made by the insured . . . shall operate to defeat or avoid the policy so as to bar recovery." *Accord, American Mut. Ins. Co. v. Commercial Union Ins. Co.*, 116 N.H. 210, 357 A.2d 873 (1976); *Merchants Mut. Cas. Co. v. Tuttle*, 98 N.H. 349, 101 A.2d 262 (1953); *Farm Bureau Auto Ins. Co. v. Martin*, 97 N.H. 196, 84 A.2d 823, 29 A.L.R.2d 811 (1951). *Contra, Gerard v. Massachusetts Bonding & Ins. Co.*, 106 N.H. 1, 203 A.2d 279 (1964). Parental admonitions should not eliminate insurance coverage which would otherwise exist and be available to compensate the family of a deceased accident victim. *Accord, Odolecki v. Hartford Accident & Indem. Co.*, 55 N.J. 542, 264 A.2d 38 (1970). *But see Hardware Mut. Cas. Co. v. Hopkins*, 106 N.H. 412, 213 A.2d 692 (1965).

When a parent gives possession and control of his insured motor vehicle to a member of his family and allows that person to exercise what is in actual fact total and unrestricted use and control of the vehicle, and that person subsequently permits a third person to operate the motor vehicle, we hold that the third person has possession and control of the motor vehicle with the implied consent of the owner for purposes of the Financial Responsibility Law.

We overrule *Allstate Ins. Co. v. Hodsdon*, 92 N.H. 233, 29 A.2d 782 (1942), and hold that the plaintiff is obligated under the provisions of RSA 268:16 VI to defend Thomas Gottwald's estate and to satisfy any judgment entered against it up to the maximum statutory limits provided under our Financial Responsibility Law.

*Petition dismissed.*

GRIMES, J., did not sit, the others concurred.