Hillsborough
No. 87-127

AMICA MUTUAL INSURANCE COMPANY

v.

MELTON D. ZINCK & a.

March 10, 1988

*Sulloway, Hollis & Soden,* of Concord (*Margaret H. Nelson* and *Robert J. Lanney* on the brief, and *Mr. Lanney* orally), for the plaintiff, Amica Mutual Insurance Company.

*Wiggin & Nourie*, of Manchester (*Gordon A. Rehnborg, Jr.*, and *Doreen F. Connor* on the brief, and *Ms. Connor* orally), for the defendants, Melton D., Carole J., and Timothy Zinck.

*Cullity, Kelley & McDowell*, of Manchester (*Joseph F. McDowell, III*, on the brief, and *Sean P. Gill* orally), for the intervenor, Jennie Bieniek, Administratrix of the Estate of Thomas Bieniek.

BATCHELDER, J. The defendants appeal a declaratory judgment granted by the Superior Court (*Goode*, J.) in favor of Amica Mutual Insurance Company (Amica). The issue is whether the insurance company is obligated to provide coverage for and defend defendant Timothy Zinck as a "person insured" under his parents' Amica automobile insurance policy with respect to an automobile accident in which Timothy was driving a "nonowned" vehicle. The superior court ruled that Amica was not so obligated, and we affirm.

The "nonowned" vehicle in question was a Ford Econoline van registered in the name of Edward Ritchotte of Nashua. After Mr. Ritchotte's daughter, Nadine Ritchotte, obtained her driver's license in October 1983, he regularly permitted Nadine to use the van when she asked to borrow it. On the evening of December 1, 1983, Mr. Ritchotte permitted Nadine to use the van to go Christmas shopping.

Nadine first drove to the Market Basket in Nashua, and picked up Timothy Zinck, a friend. While riding as a passenger, Timothy asked Nadine for permission to drive. Timothy understood that the van belonged to Mr. Ritchotte, whom he had never met; moreover, according to the testimony, Timothy assumed that Nadine knew that he had neither a license nor a permit to drive. Although she had permitted Timothy to drive the van once before, Nadine refused this time. Timothy persisted, however, and asked a second time, whereupon she agreed. Nadine pulled the van over to the side of Back River Road in Bedford and switched places with Timothy. Shortly thereafter, on the same road, the van collided with another automobile driven by Thomas Bieniek, who died three days later from the injuries sustained in the accident.

On May 8, 1984, Jennie Bieniek, the wife of the decedent, individually and as administratrix of the Estate of Thomas Bieniek, brought suit for damages against Timothy Zinck. On August 3, 1984, Amica filed a petition for declaratory judgment to determine its liability under the automobile policy it had issued to Melton D. and Carole J. Zinck, Timothy's parents. After a bench trial, the trial court determined that Timothy was not a "person insured" within

the language of the policy and granted the declaratory judgment in favor of Amica on March 2, 1987.

The defendants appealed and raise three issues. First, the defendants argue that the trial court erred, as a matter of law, in interpreting the policy's "nonowned automobile" clause and concluding that Timothy was not a "person insured." Second, the defendants attempt to persuade the court to adopt a rule that there is a rebuttable presumption that a person actually believes he has the owner's permission to drive, and that the consent requirement under a nonowned automobile clause is therefore satisfied, if permission is obtained from one who is in lawful possession of the automobile. Third, the defendants contend that the trial court's conclusion with respect to Timothy's lack of permission is against the weight of the evidence. Because the defendants failed to raise the second issue before the trial court below, we address only the first and third issues. *See D. W. Clark Road Equipment, Inc. v. Murray Walter, Inc.*, 124 N.H. 281, 283–84, 469 A.2d 1326, 1329 (1983); *Daboul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983); *Carbur's, Inc. v. A & S Office Concepts, Inc.*, 122 N.H. 421, 423, 445 A.2d 1109, 1111 (1982).

The nonowned vehicle clause provides coverage to:

> "(1) the named insured, (2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission. . . ."

On the first issue, the defendants argue that the term "owner" can be interpreted to mean either a "title" owner or one who lawfully possesses the automobile, and is therefore ambiguous. Accordingly, under *Trombly v. Blue Cross/Blue Shield*, 120 N.H. 764, 771, 423 A.2d 980, 984–85 (1980), the term "owner" should be construed in favor of the insured to include one who lawfully possesses the vehicle with the consent of the title owner, as Nadine did. However, the record of the trial court indicates that the title owner in this case, Mr. Ritchotte, did not give Nadine the degree of control or possession over the van, nor did she exercise such control or possession, which could have led Timothy Zinck to reasonably believe that she had the authority as an owner to permit another person to drive the van. Because we hold, based on the trial court's findings, that Timothy Zinck did not have permission to drive the van under either interpretation, we need not determine

the meaning of "owner" under the Zincks' automobile insurance policy.

■ The trial court found the following facts. Mr. Ritchotte had permitted only three people to drive the van—himself, his wife and his daughter Nadine. Mr. Ritchotte had never permitted an unlicensed driver to use the van. Timothy Zinck had neither a driver's license nor a permit to drive. Mr. Ritchotte had never met Timothy. Moreover, although Nadine regularly used the van and had her own set of keys, she had been licensed to drive for only two months at the time of the accident, and thus did not have the degree of control or possession of the van from which one could imply ownership. The trial court's conclusion that Timothy had neither the permission of the owner of the van, nor a reasonable belief in such permission, is consistent with its findings, whether the owner is construed to be Mr. Ritchotte or Nadine.

On the third issue, the defendants assert that the trial court's conclusion of lack of permission was against the weight of the evidence, because it failed to imply consent from "the totality of circumstances" surrounding the use of the car, as required, they argue, under this court's decision in *Government Employees Insurance Co. v. Evelyn M. Johnson, Administratrix*, 118 N.H. 899, 396 A.2d 331 (1978) (*GEICO*). The defendants misapply *GEICO*.

The facts in *GEICO* are similar to those in the case before us. A father went on vacation and left his automobile at home to be used by his sixteen-year-old son, George, and instructed his son not to allow anyone else to drive it. On the night of the accident giving rise to the litigation, George used the automobile to bring his friends to his home, where they consumed beer. During the course of the evening, George urged his friend Thomas to take another friend for a ride in the automobile. The friends were killed after the vehicle went out of control at high speed while Thomas was driving. *Id.* at 901, 396 A.2d at 332.

This court looked at two separate issues. The first issue was whether the driver was a "person insured" under a motor vehicle family policy issued by GEICO to George's father, the owner of the automobile involved in the accident. *Id.* "Persons insured" was defined under the omnibus clause as follows:

"(1) The named insured and any resident of the same household;

(2) Any other person using such automobile with permission of the named insured, provided his actual operation . . . is within the scope of such permission . . . ."

*Id.* at 901, 396 A.2d at 332–33. The court determined that "under the facts as found we are unable to conclude that Thomas's operation of the vehicle was within the scope of the permission given by the named insured . . . ." *Id.*

The second issue in *GEICO* was whether there was consent under the required provisions section of the Financial Responsibility Law, RSA 264:18, VI. Paragraph VI provides, in part, that "[t]he insurance applies to any person who has obtained possession or control of the vehicle of the insured with his express or implied consent even though the use in the course of which liability to pay damages arises has been expressly or impliedly forbidden by the insured or is otherwise unauthorized." 118 N.H. at 901–02, 396 A.2d at 333. When examining coverage under the Financial Responsibility Law, this court looked at whether consent can be implied "from the totality of circumstances surrounding a given use of a vehicle." *Id.* at 903, 396 A.2d at 333. The court concluded that "Thomas had good reason to believe that he was using the vehicle with permission of a person authorized to give consent." *Id.* The court noted, however, that its conclusion was limited to the coverage provided under the Financial Responsibility Law: "[W]e hold that the third person has possession and control of the motor vehicle with the implied consent of the owner for purposes of the Financial Responsibility Law." *Id.* at 903, 396 A.2d at 334.

██ The case before us, on the other hand, raises the issue of consent under the language of an automobile insurance policy, not the Financial Responsibility Law. Therefore, the "totality of circumstances" analysis is not applicable. Instead, we limit our review of the trial court's findings to a determination whether such findings could reasonably be made on the evidence presented. *Moore v. N.H. Ins. Co.*, 122 N.H. 328, 332, 444 A.2d 543, 545 (1982); *Chagnon Lumber Co., Inc. v. DeMulder*, 121 N.H. 173, 175, 427 A.2d 48, 50 (1981). We hold that the record fully supports the finding that Timothy Zinck did not have the permission of the owner and did not reasonably believe that his operation of the vehicle was with the permission of the owner.

*Affirmed.*

All concurred.