Fennell v. Commercial Union Ins.      CV-96-18-SD    05/07/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Ronald Fennell;
Fennell Enterprises, Inc.


    v.                                    Civil No. 96-18-SD


Commercial Union Insurance Company;
Christine Irving, Administratrix of
 the Estate of Robert B. Irving


O R D E R


On February 26, 1997, the court, ruling in a declaratory judgment action, found that an insurance policy issued by the defendant Commercial Union Insurance Company (CU) provided coverage to the plaintiffs Fennell[1] "by reason only of the application of and up to the $25,000 limit of the Financial Responsibility Law of New Hampshire.  New Hampshire Revised Statutes Annotated (RSA) chapter 264."[2]  Order of Feb. 26, 1997 (document 27) at 1.

---

[1]The plaintiffs are Ronald Fennell and Fennell Enterprises, Inc.  For simplicity, the court herein refers to them as either "Fennell" or "plaintiffs".

[2]Fennell was involved in a fatal accident while operating a non-owned vehicle for which CU provided insurance coverage.  His declaratory judgment action was brought by Seaco Insurance Company, which provided coverage on certain of Fennell's own vehicles.

Plaintiffs now move, pursuant to Rule 60(b)(6), Fed. R. Civ. P.,[3] for "clarification" of the aforesaid order.  Document 30. Defendant CU objects.  Document 32.  At the request of the court, the parties have briefed their respective positions.

Plaintiffs seek to have the court require that CU contribute its financial responsibility coverage of $25,000 to any settlement of the underlying tort action.  They also request that CU be directed to contribute equally to the costs of defense of such action.[4]

CU's position is that it has no obligation to pay its financial responsibility coverage of $25,000 until the Seaco policy on plaintiffs is exhausted.  CU further contends that it has no obligation to contribute to the costs of defense.  It seeks to bolster these arguments by claiming that if it were obligated to pay into a settlement or contribute to the defense costs, it would be entitled to recover same from plaintiffs by

---

[3]Rule 60(b)(6) provides, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . (6) any other reason justifying relief from the operation of the judgment."

[4]The court has recently been advised that the underlying tort action has been settled, although it is not privy to the terms and conditions of such settlement.

virtue of either contractual or equitable subrogation.[5]

With respect to the issue of providing a defense and contributing to any settlement, the court finds that the issue is governed by Government Employees Ins. Co. v. Johnson, 118 N.H. 899, 396 A.2d 331 (1978), wherein it was held that, where coverage was ordered only by virtue of the Financial Responsibility Law, the carrier was required both to defend and to satisfy any judgment up to the maximum limits of the Financial Responsibility Law.[6]  Accordingly, CU must pay its $25,000 into the total amount of any settlement here had.

As concerns the amount to be contributed to the costs of defense, the court finds and rules that CU must share equally with Seaco Insurance Company in such costs of defense.  Universal Underwriters Ins. Co. v. Allstate Ins. Co., 134 N.H. 315, 592 A.2d 515 (1991).

The court further finds and rules that the policy language upon which CU relied to support a purported right of contractual

---

[5]CU also suggests a right of indemnification, but the court finds that the circumstances of this case are not such to warrant a finding of such entitlement under any known legal theory of indemnification.

[6]The court relied on Government Employees Ins. Co. v. Johnson, supra, in its ruling on the financial responsibility aspect of coverage in the course of its prior order.  Document 27, at 7.

subrogation as against Fennell does not serve such purpose.[7]  The language refers to rights of the insured "to recover damages from another," which is not here the case.  Had CU desired to reserve subrogation rights against Fennell, its policy should have contained language similar to that approved by the New Hampshire courts in Milwaukee Ins. Co. v. Morrill, 100 N.H. 239, 123 A.2d 163 (1956), and Lumbermen's Mut. Cas. Co. v. Gilchrest, 110 N.H. 53, 260 A.2d 108 (1969).

Finally, CU misplaces reliance in its argument for equitable subrogation on the decision in Vermont Mut. Ins. Co. v. Sheehan, Phinney, Bass & Green, P.A., No. 94-424-SD (Jan. 15, 1997).  The circumstances in that case and the case here considered are so divergent as to make its citation inapposite.

From what has here been written, it is clear, and the court finds and rules, that CU is required to contribute its $25,000 financial responsibility coverage to any settlement of the underlying tort action and is also required to assume payment of one-

---

[7]The policy language here relied upon provides: "If any person or organization to or for whom we make payment under this coverage form has rights to recover damages from another, those rights are transferred to us . . . . " Defendants' Exhibit A at 10.

4

half the costs of defending Fennell in such action.

SO ORDERED.

Shane Devine, Senior Judge
United States District Court

May 7, 1997

cc:   Doreen F. Connor, Esq.
      Andrew D. Dunn, Esq.
      Richard A. Freedman, Esq.
      Marc R. Scheer, Esq.