Town of Seabrook

v.

Salvatore J. D'Agata
Carmeline D'Agata

July 30, 1976

*Tetler & Holmes (Gary W. Holmes* orally) for the plaintiff.

*Casassa, Mulherrin & Ryan (John J. Ryan* orally) for the defendants.

Griffith, J. The town of Seabrook filed this petition in equity to enjoin the defendants, Salvatore J. and Carmeline D'Agata, from erecting or maintaining a structure allegedly in violation of the town's zoning ordinance. Trial before a Master *(Leonard C. Hardwick,* Esq.) resulted in a report in favor of the plaintiff, which was approved by the Trial Court *(Cann,* J.). All questions of law raised by the master's report and the defendants' exceptions thereto were reserved and transferred.

The defendants' dwelling does not conform to the requirements of the plaintiff's zoning ordinance in three respects: It is situated on a lot which is less than the minimum prescribed size; it is not located a sufficient distance from the adjoining lot lines; and it contains three family units while located in an area zoned for single and two-family residences only. These conditions existed prior to the enactment of the zoning ordinance, however,

and are therefore permitted to continue as a nonconforming use.

The defendants constructed an addition to their dwelling consisting of a twenty-eight by eight-foot storage room in a formerly unoccupied area under the second floor of a portion of the building. Alterations consisted of the enclosure of a previously open carport and the pouring of a cement floor. The enclosed area, which contains no heat, electricity, water, or other amenities usually associated with a living area, is suitable only for the use to which it is put, *i.e.*, the storage of various household items. This use is permitted by the town zoning ordinance in Zone 1, where the defendants' dwelling is located.

The plaintiff contends, however, that although such construction would be permissible in Zone 1 if the defendants' residence were a conforming structure, a nonconforming owner is not allowed to make such alterations. The basis for this argument is section VIII:A of the ordinance, which states: "A non-conforming use ... may not be changed subsequently to another non-conforming use of the same premises nor may the non-conforming use be expanded beyond that which existed at the adoption of this . . . ."

We do not agree that the defendants' enclosure of the carport constitutes "an expansion of the non-conforming use". We interpret that phrase to indicate an expansion in the nonconforming features of the dwelling, rather than an addition which entirely conforms to the zoning ordinance and which is in fact commonly found in the defendants' neighborhood. The defendants' storage room neither constitutes living quarters for another family nor does it affect the proximity of the dwelling to the sidelines. It does not enlarge the square footage of the dwelling so as to render the lot size proportionally more inadequate. To deny the defendants the right to build within the confines of their building a structure identical to that possessed by many of their conforming neighbors is in effect to penalize them for the nonconforming nature of their property. *New London v. Leskiewicz,* 110 N.H. 462, 467, 272 A.2d 856, 859 (1970).

Although the general policy of zoning is to carefully limit the extension and enlargement of nonconforming uses, a town may not interpret a use in such a way as to unlawfully reduce the original vested interest acquired by the owner. *New London, supra* at 467, 272 A.2d at 860; 2 A. Rathkopf, The Law of Zoning and Planning 58-18 (3d ed. 1972). "The fact that improved and more efficient or different instrumentalities are used in the operation

of the use does not in itself preclude the use made from being a continuation of the prior nonconforming use providing such means are ordinarily and reasonably adapted to make the established use available to the owners and the original nature and purpose of the undertaking remain unchanged." *New London, supra* at 467, 272 A.2d at 860.

The plaintiff further contends that the defendants are required to secure a building permit by section VII:C of the ordinance, which specifies that such a permit must be obtained for the making of all structural alterations excepting those which increase the valuation of the principal structure by less than $500. The master's finding that the storage room increased the valuation of the defendants' dwelling by more than $500 is amply supported by the record and the defendants are required to obtain a building permit.

*Exceptions sustained in part,*
*overruled in part; remanded.*

All concurred.