Laconia District Court
No. 7528

STATE OF NEW HAMPSHIRE

v.

GUY B. MILLER

January 31, 1977

*David H. Souter,* attorney general, and *Peter W. Heed,* assistant attorney general *(Mr. Heed* orally), for the state.

*Decker & Hemeon,* of Laconia *(Mr. Robert L. Hemeon* orally) for the defendant.

DOUGLAS, J. The defendant was arrested for driving while intoxicated, was given a breathalyzer test, and exercised his statutory right to an additional test under the provisions of RSA 262-A: 69-b (Supp. 1975) and RSA 262-A: 69-c. He was transported at his request to Lakes Region General Hospital for that purpose, but the hospital refused to perform any test absent a $30 cash payment, which defendant could not produce. Chemical tests for intoxication are performed by the hospital for state and local law enforcement agencies and departments for a $10 fee which may be billed. Defendant argues that these policies amount to state actions

which deny him federal due process and equal protection of the laws.

■ The fourteenth amendment has always been directed against discriminatory actions by *states,* and has not worked to prevent private conduct which may result in similar consequences. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345 (1974); *Gilmore v. City of Montgomery,* 417 U.S. 556 (1974) and *Moose Lodge No. 107 v. Irvis,* 407 U.S. 163 (1972). Based upon our reading of these cases and the facts before us in the present case, we can find neither that the state "has so far insinuated itself into a position of interdependence" with the hospital's conduct that it must be recognized as a joint participant in the challenged activity," *Burton v. Wilmington Pkg. Auth.,* 365 U.S. 715, 725 (1961), nor that "there is a sufficiently close nexus between the State and the challenged activity of the [hospital] so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co., supra* at 351; *see Greco v. Orange Memorial Hosp. Corp.,* 513 F.2d 873 (5th Cir. 1975), *cert. denied,* 423 U.S. 1000 (1975).

■ Defendant has not urged, either in his brief or at oral argument, any significant connection between the administrative practices of the hospital generally, or its fee policy specifically, and any regulation or requirement pressed upon the hospital by the state. In fact, it appears that the state neither owns any portion of the hospital property nor exercises any control, direct or indirect, over the activities complained of by the defendant. Given the absence of any "close nexus" or "position of interdependence" in this case we hold that the actions complained of here were those of the hospital alone, not of the state, and as such they do not require the suppression of the results of the breathalyzer test. Defendant's motion to suppress should, therefore, be denied.

■ Appeals from lower courts and administrative agency decisions that are clearly consistent with applicable law and correct procedure divert time and energy, both of this court and of the bar, from meritorious cases and unnecessarily delay decisions in all cases on the docket. The problem was well described by Mr. Justice Clark who sat recently by designation on a routine criminal case in the First Circuit:

We are hopeful that counsel will continue to give every case their serious professional attention, but that when issues are clearly frivolous, they will not pursue them blindly and with dogged determination, drowning the courts in an ocean of paper and strained argument, while knowing the law is against them. If the Bar would cooperate more fully with the courts, giving greater attention to this problem, the mounting dockets we now face would disappear. *United States v. Cain,* 544 F.2d 1113, 1117 (1st Cir. 1976).

*Defendant's exceptions overruled.*

All concurred.