Sullivan
No. 7830

HELENA C. FLEMING *& a.*

v.

CHARLES LOWE AIKEN, SR.

December 30, 1977

*Bussiere & McHugh,* of Manchester (*Mr. Kenneth R. McHugh* orally), for the plaintiffs.

*Buckley & Zopf,* of Claremont (*Mr. Robert B. Buckley, Jr.,* orally), for the defendant.

GRIMES, J.   The issue in this case is whether a constructive trust was properly imposed upon real property acquired at a tax sale by a guardian who was a tenant-in-common with his wards.

Plaintiffs Jane, who died after commencement of the action, and Helena are sisters of the defendant. In 1940 the parties, together with a brother John, acquired a one-half interest in the property in question by will of their father. The property consists of a part of an island in Lake Sunapee with a structure. The property came to their father from their mother, who owned it in common with her sister Margaret. Thus each of the four children owned a one-eighth share in common with Margaret's one-half share.

At the time of their father's death plaintiff Helena was thirteen, Jane was eighteen, John was twenty and defendant was twenty-four. Defendant became guardian of his sisters, Helena and Jane, and executor of his father's will. The father's inventory listed no real estate (because his wife's will leaving the property to him was not discovered and probated until after his death) but listed personal estate consisting of $180.43 cash in a bank, notes due totaling $247.30, and accounts receivable of $1,904.85 of which $1,750.42 was assigned to a bank.

The guardianship inventory listed only an insurance policy payable $1,678.19 to Helena, $419.55 to Jane, and $419.55 to John. From 1935 the property was subject to tax sales but was redeemed through 1937 by the father of the parties and by the defendant for 1938. Tax sales continued and the property was unredeemed, and in 1943 a tax collector's deed was given to the town based on the 1940 tax sale for the 1939 taxes. One Goodrich redeemed the property by paying all back taxes amounting to $683.90 with funds furnished by defendant and received a deed. On defendant's instructions, Goodrich conveyed the property in 1945 to John, the brother of the parties. Defendant testified that before proceeding to redeem the property in 1943, he obtained permission from his aunt, who was owner of the other half interest. John died in 1960 and his will stated that although he had been holding the property in his name, it really belonged to defendant and devised the property to him.

The defendant has continued to pay the taxes ever since the tax deed to Goodrich.

This petition to impose a constructive trust was begun in 1972. There was an agreed statement of facts and a trial before the court which resulted in a decree which imposed a constructive trust in one-fourth of the property for each plaintiff, leaving defendant with a one-half interest. Defendant's exceptions were transferred by *Johnson*, J.

It appears that defendant supported his two sisters until they became of age or self-supporting. Helena lived in the defendant's home until he went away to war and then moved in with her brother John but was supported in part from an allotment from defendant. The money available for their support according to the inventory of their father's estate may have been insufficient and may have been depleted by 1943 when defendant redeemed the property. The court found that defendant used the property for recreational purposes, and that plaintiffs were never denied the use of it when they so requested. The court also found that Helena offered to pay her share of the taxes at various times after she came of age, but that defendant refused the offer, with words to the effect that he would take care of the matter as a gift of sorts. Defendant never told his sisters the true status of the property until just before these proceedings were begun.

The court ruled that defendant, as guardian, owed the duty to allow his wards to acquire the property first, and that when challenged he had the burden of showing that he could not have acquired the property on their behalf as well as for himself. The court found that he failed to meet that burden.

We agree that the defendant could not acquire the interest of his wards at the tax sale. See *Thornton v. Gilman*, 67 N.H. 392 (1892); Annot., 77 A.L.R. 1513 (1932). However, as to the interest of the Aunt Margaret, we are of the opinion that the trial court was in error in placing the burden of proof on the defendant. Where a constructive trust is sought to be imposed as a result of dealings by a fiduciary directly with his ward, the ward has the burden of establishing the fiduciary relationship and his inability to protect himself, and the burden then shifts to the fiduciary to prove that the transaction was fair. *Patey v. Peaslee*, 101 N.H. 26, 30, 131 A.2d 433, 436 (1957).

■■ Where a constructive trust in favor of a ward is sought to be imposed on property acquired by a fiduciary from a third party, the ward has the burden of proving the fiduciary relationship and the availability of funds of the ward at the time of the questioned transaction to acquire the property for the ward's benefit. 5 A. W. Scott, The Law of Trusts § 462.6 (3d ed. 1967); S. Bogert, Trusts and Trustees § 871 (2d ed. 1962). Although the fiduciary has the duty to protect the interest of the estate, he is not required to use his own money to acquire an interest on behalf of the guardianship estate. *Hollis v. Tilton*, 90 N.H. 119, 122–123, 5 A.2d 29, 36 (1939); *see Pine v. White*, 175 Mass. 585, 56 N.E. 967 (1900).

If in this case the plaintiffs prove that there was money in their estates with which defendant could have acquired an interest in their aunt's interest for them, as well as for himself, the burden would then shift to the defendant to prove that his acquisition of the aunt's interest for himself alone was not a breach of his fiduciary duty. 5 A. W. Scott, The Law of Trusts § 499 (3d ed. 1967). If plaintiffs are unable to prove that such funds were available for this investment, then no constructive trust may be imposed on the interest acquired from Margaret, and the plaintiffs would each be entitled to their one-eighth interest upon payment of their share of the taxes paid by the defendant. If, however, plaintiffs prove that sufficient funds were available for both their support and this investment and defendant fails to prove that there was no breach of his fiduciary duties, then the decree of the trial court may stand.

*Remanded.*

All concurred.