Sullivan
No. 79-155

HELENA C. FLEMING & a.

v.

CHARLES LOWE AIKEN, SR.

December 28, 1979

*Bussiere & McHugh*, of Manchester (*Kenneth R. McHugh* orally), for the plaintiff.

*Buckley & Zopf*, of Claremont (*R. Wells Chandler* orally), for the defendant.

GRIMES, C.J.   The issue in this case is whether the evidence compelled a finding that sufficient funds were available on the wards' account to warrant the imposition of a constructive trust upon real property acquired at a tax sale by a guardian who was a tenant in common with his wards. We hold that no such finding was compelled.

This case was originally before the court in *Fleming v. Aiken*, 117 N.H. 1053, 381 A.2d 756 (1977). There we sustained the imposition of a constructive trust upon a one-half interest in the real property that the defendant had originally inherited in common with his sisters, plaintiffs herein, from their father. However, we declined to sustain the imposition of such a trust upon the one-half interest that had belonged to the parties' aunt, absent a finding by the trial court that sufficient funds were available to the wards, or to the defendant upon the wards' account, to enable the wards to share in the acquisition of the aunt's interest at the tax sale. 117 N.H. at 1056, 381 A.2d at 758. Accordingly, we remanded to the trial court for further findings.

Because the facts are set forth in detail in the prior case, only a brief statement is required here. The property here in question was originally held by one Helena Aiken, mother of the parties, in common with her sister Margaret Deacy. Helena Aiken's one-half interest passed by will to her husband, the father of the parties, and upon his death in 1940, to the parties herein, in common with another brother John, who transferred his one-eighth interest to the defendant.

From 1935 on, the property was subjected to tax sales. In 1943, the town had acquired a tax deed to the property. Thereafter, the defendant acquired title by paying all back taxes, then amounting to $683.90.

In 1940, upon the death of their father, the defendant had been appointed guardian of his two sisters, Helena and Jane. There was evidence that the defendant had acquired the proceeds of an insurance policy, $1,678.19 of which belonged to Helena and $419.55 to Jane. There was also evidence that the defendant found among his father's effects an envelope upon which was marked "[t]o little Helena Fleming in case of my demise." The envelope contained $1,200 in cash.

Plaintiffs argue that the above evidence compelled a finding that sufficient funds were available on their account to enable them to share in the acquisition of their aunt's one-half share. We do not agree.

■ To begin with, it cannot be argued that the writing on the envelope in which was found the $1,200 was sufficient as a testamentary disposition. *See, e.g., Blais v. Colebrook Savings Bank,* 107 N.H. 300, 220 A.2d 763 (1966); RSA 551:2. Thus, each of the four children would be entitled to only $300.

Furthermore, there was evidence that the defendant supported both of his sisters in his home with a housekeeper for three years. Thereafter, it appears that the defendant helped support his sister Helena, age thirteen at the time of his appointment as guardian, in his brother's home until January 1947.

■ Considering the amount of support furnished to his two sisters, it was not unreasonable for the court to conclude that by the time the defendant acquired the aunt's share in the real property in 1943, all of the plaintiffs' assets, except the property itself, had long since been consumed. Although it is true that each of the plaintiffs had a one-eighth interest in the property, there was no evidence that any money could have been raised on it with which to redeem the property. Although there was some evidence that there was jewelry and furniture in the father's estate, there was no evidence as to its value.

■ We hold that the evidence did not compel a finding in favor of the plaintiffs. Accordingly, the trial court must be upheld. *Spectrum Enterprises, Inc. v. Helm Corp.,* 114 N.H. 773, 329 A.2d 144 (1974); *Sutton Mut. Ins. Co. v. O'Brien,* 108 N.H. 325, 234 A.2d 528 (1967).

*Exceptions overruled.*

All concurred.