Cheshire
No. 79-336

JERRY'S SPORT CENTER, INC.

v.

WILLIAM G. NOVICK AND RALEIGH CLARK
d/b/a NORTH EAST OUTFITTERS

May 12, 1980

*Rinden Professional Association,* of Concord (*Paul A. Rinden* orally), for the plaintiff.

*Michael P. Bentley,* of Keene, by brief and orally, for the defendant William G. Novick.

*Bell, Falk & Norton,* of Keene (*Arnold R. Falk* orally), for the defendant Raleigh Clark.

PER CURIAM. The issue in this case is whether the trial court abused its discretion by ordering the plaintiff to pay $300 to the defendants toward counsel fees incurred during the course of a hearing. We affirm.

On March 30, 1979, counsel for the plaintiff wrote a letter to the Cheshire County Register of Deeds. Enclosed with the letter were a standard superior court form entitled "Petition to Attach With Notice" and a superior court "Writ of Summons" in which the plaintiff made claim for damages in the sum of $4,802.22 for merchandise allegedly sold to the defendants. In the letter, the plaintiff's counsel requested that both documents be recorded as a *lis pendens* "against the transfer of the defendant's real estate." At the time the plaintiff's counsel caused these documents to be recorded, the writ in question had not been entered in the Cheshire County Superior Court; consequently, there had been no hearing on the petition to attach and no authority to attach existed. Both documents were recorded by the register of deeds on or about April 2, 1979.

Shortly thereafter, counsel for the defendants learned of the recording and filed motions with the superior court seeking, *inter alia,* that the purported notice of *lis pendens* be declared null and void and of no effect as an encumbrance upon the defendants' real estate. A hearing was held on April 25, 1979, and in a decree

dated September 18, 1979, the Trial Court (*Dunfey*, C.J.) found that the procedure followed by the plaintiff's attorney violated the terms of RSA ch. 511-A (Supp. 1979). The court further found that notwithstanding the use of the term *lis pendens*, plaintiff's counsel intended to encumber the defendants' real estate in fact, if not in law, and that his use of superior court forms did in fact cast a cloud upon their title. Accordingly, the court ordered that the recordings be expunged from the records of the Cheshire County Register and that the plaintiff pay the defendants $300 "toward counsel fees or other costs occasioned by the various hearings and pleadings resulting from the plaintiff's unreasonable actions." The plaintiff appeals.

The plaintiff, before the court, contests only that portion of the trial court's ruling that relates to the assessment of costs. In essence, he argues that inasmuch as a notice of *lis pendens* has no effect upon the marketability of the defendants' title, his actions were not in circumvention of RSA ch. 511-A (Supp. 1979), relating to pre-judgment attachment. He argues that there was nothing "unreasonable" about his actions; the imposition of costs was therefore an abuse of discretion upon the part of the trial court. We disagree.

■ We decline to address the plaintiff's arguments regarding the force and effect of a filing of a notice of *lis pendens*. Such a discussion is foreclosed by the finding of the trial court, supported by evidence, that in causing the superior court documents to be entered upon the county records, counsel for the plaintiff intended to and did in fact cast a cloud upon the defendants' real estate. We will not disturb the ruling of the trial court where it is supported by evidence. *Fleming v. Aiken*, 119 N.H. 949, 409 A.2d 1340 (1979); *Spectrum Enterprises, Inc. v. Helm Corp.*, 114 N.H. 773, 329 A.2d 144 (1974).

■■ Similarly, the trial court did not abuse its discretion by imposing counsel fees and other costs upon the plaintiff. Rather, it found that the plaintiff's actions violated both New Hampshire law and the rules of the superior court. Moreover, that violation put the defendants to expenses that they should not have incurred, had the litigation followed a proper course. "Violation of rules found to be in the nature of harassment, frivolous action, intended to cause undue delay, or similarly motivated, which put the opposing party to undue expense, would justify the assessment of counsel fees to

be paid by the offending counsel to the other party." *Tuttle v. Palmer*, 118 N.H. 553, 556, 392 A.2d 574, 575 (1978); *see State v. Arthur*, 118 N.H. 561, 391 A.2d 884 (1978). Under the circumstances of this case, we do not find that the trial court abused its discretion.

*Affirmed.*