Cheshire
No. 79-403

### KAREN R. CAREY & a.

v.

### TOWN OF WESTMORELAND

May 12, 1980

*Brown & Nixon*, of Manchester (*David W. Hess* orally), for the plaintiffs.

*W. H. Watson*, of Keene, by brief and orally, for the defendant.

GRIMES, C.J. ■ The issue in this zoning appeal is whether it is unjust and unreasonable for the defendant town to require the plaintiffs to install a septic tank system on their premises when the plaintiffs have in use a system which meets all the requirements of State regulations and poses no health hazard. We hold that the town's action is unreasonable.

The plaintiffs are Quakers who, in May of 1977, purchased 11.4 acres of land in the town of Westmoreland (town). They constructed a home in accordance with their religious beliefs and the doctrine of simplicity in living. The home has no utilities: no plumbing, no running water and no electricity. The house is in the woods 100 feet back from the gravel road. The nearest house is 900 feet away.

The plaintiffs installed on their premises a dry compost toilet that has been approved by the State Water Supply and Pollution Control Commission. The town's zoning ordinance, however, requires the installation of a septic tank and leach field even though a commercial dry composting toilet may be used if it meets certain standards. The board of adjustment denied plaintiffs a variance from the requirement that they install a septic tank and, after their motion for rehearing was denied, the plaintiffs appealed to the superior court. After a hearing, the Court, *King*, J., found the action of the board to be unjust and unreasonable. The town's exceptions were transferred by *DiClerico, J.*

The trial court found that the town does not claim that the privy is a health hazard nor has it taken action to discontinue its use. The plaintiffs allege that they intend to continue to use the privy and that even if they are forced to install a septic tank, they will not use it.

■ In making its determination, the trial court applied the test laid down in *Cook v. Town of Sanbornton*, 118 N.H. 668, 392 A.2d 1201 (1978). That test follows the clear wording of the statute in giving the trial court the authority to vacate orders of the boards of adjustment when "persuaded by the balance of probabilities . . . that said order or decision is unjust or unreasonable." RSA 31:78. (Later amended by Laws 1979, ch. 121:2.) In establishing this new test, *Cook* overruled several prior decisions. The town argues that *Cook* should not be given retroactive effect so as to apply to this case. We disagree. *Cook* applies to all cases which were not yet

decided before that decision. No reliance on the prior rule is involved, there will be no burden on the administration of justice and the purpose and effect of the new rule does not preclude retroactive application. *Alexander v. Orford School Dist.*, 117 N.H. 641, 377 A.2d 127 (1977); *State v. Gomes*, 116 N.H. 591, 364 A.2d 1260 (1976).

The town further argues that the evidence does not support a finding of unnecessary hardship because there are no special conditions distinguishing the plaintiffs' property from other property in the area. The trial court found as a fact that no such special conditions exist. *See Rowe v. Town of Salem*, 119 N.H. 505, 403 A.2d 428 (1979); *Ouimette v. City of Somersworth*, 119 N.H. 292, 402 A.2d 159 (1979); *Carbonneau v. Town of Exeter*, 119 N.H. 259, 401 A.2d 675 (1979).

A determination of unjustness and unreasonableness in the context of this case, however, is not confined to the classic requirements of a variance. Here the unjust and unreasonable aspects of the requirement that plaintiffs install a septic tank relate not to the condition of their property, but rather to their lifestyle, the use that they intend to make of the land and the public interests which are sought to be served by the requirement.

■ The only conceivable purpose of requiring septic tanks is to protect the health of the community. When, however, an alternative means exists that does not impose a health hazard, the necessity for and reasonableness of the requirement disappears. Granted, the plaintiffs' lifestyle is unusual and is different from that of most people. However, the liberty that we so proudly proclaim as the cornerstone of our society at least requires that government not interfere with our lives so long as we do no injury to others. *See, e.g., Olmstead v. United States*, 277 U.S. 438, 478 (1928) (*Brandeis*, J., dissenting).

The plaintiffs chose to live in accordance with their Quaker religion and the fundamental doctrine of simplicity in living. That manner of living, according to their view, does not include the use of running water or electricity. Without running water, a septic tank is useless. The style in which they have chosen to live does no harm to anyone.

■ Although the ordinance requirement for septic tanks may generally promote the public health, it is nevertheless arbitrary and unreasonable when applied to these plaintiffs. Insistence on

this requirement would not advance the public interest in any degree but would impose an oppressive and unreasonable burden on the plaintiffs. Under these circumstances, the trial court properly found the application of the ordinance to plaintiffs to be invalid. *Grossman & Sons, Inc. v. Town of Gilford*, 118 N.H. 480, 387 A.2d 1178 (1978); *Metzger v. Town of Brentwood*, 117 N.H. 497, 374 A.2d 954 (1977).

*Affirmed.*

KING, J., did not sit; the others concurred.