Cheshire
No. 81-350
No. 81-353

JERRY'S SPORT CENTER, INC.

v.

WILLIAM G. NOVICK AND RALEIGH CLARK,
d/b/a NORTHEAST OUTFITTERS

July 7, 1982

*Rinden Professional Association*, of Concord (*Paul A. Rinden* and *Diane M. Puckhaber* on the brief, and *Mr. Rinden* orally), for the plaintiff.

*Bell, Falk & Norton, P.A.*, of Keene (*Arnold R. Falk* on the brief and orally), for the defendants.

KING, C.J.   The plaintiff, Jerry's Sport Center, Inc., appeals from

the Superior Court's (*Contas*, J.) decree approving the Master's (*Mayland H. Morse*, Esq.) recommendation that the plaintiff's motion to dismiss the defendants' counterclaim be denied.

The plaintiff brought an action against the defendants, William G. Novick and Raleigh Clark, d/b/a Northeast Outfitters, to collect a debt allegedly owed. On April 2, 1979, the Register of Deeds, by order of the plaintiff, recorded a writ of summons and a petition to attach with notice against the defendants' property in the Cheshire County Registry of Deeds. The defendants' request to remove the documents was granted by the Superior Court (*Dunfey*, C.J.). Additionally, the court awarded costs to the defendants, and the award was affirmed by this court in *Jerry's Sport Center, Inc. v. Novick*, 120 N.H. 371, 373, 415 A.2d 331, 332 (1980).

The defendants counterclaimed in the action brought by the plaintiff, contending that the recording of the notice of lis pendens was actually an attachment, and because the attachment occurred prior to a hearing, it deprived them of due process rights under the fourteenth amendment to the United States Constitution and violated 42 U.S.C. § 1983 (1976). The defendant Clark filed a motion for summary judgment. Subsequently, the plaintiff moved to dismiss the defendants' counterclaim. The trial court granted the motion for summary judgment, and this court declined to accept the plaintiff's appeal. After his motion to dismiss was denied, the plaintiff appealed again. We accepted the appeal, and we reverse.

Initially, the defendant argues that because we declined to hear the plaintiff's first appeal, the case is not open to further review. In the interests of justice, however, we have decided to hear the appeal and consider whether the trial court acted properly in granting summary judgment to the defendant and in denying the plaintiff's motion to dismiss.

The plaintiff argues that because the filing of a lis pendens lacked the requisite "state action" to permit relief for violation of the fourteenth amendment or 42 U.S.C. § 1983 (1976), the trial court erred when it granted summary judgment to the defendant and denied plaintiff's motion to dismiss. We agree.

The fourteenth amendment protects individuals only against actions by the State. U.S. CONST. amend. 14; *see United States v. Price*, 383 U.S. 787, 799–800 (1966). Similarly, 42 U.S.C. § 1983 (1976) proscribes only that conduct which is "under color of state law", which has been interpreted as requiring state action. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

The defendants allege that by using court forms and directing the Register of Deeds to record the forms, the plaintiff acted "under

638

color of state law," and that the State's participation in the plaintiff's acts resulted in state action sufficient to justify recovery. The trial court, however, found that "the plaintiff's actions weren't sanctioned by 'Court approval or order' . . . ." Additionally, the Register of Deeds did not act with any independence. The plaintiff sent "instructions" and "directives" to her, causing her to record the forms.

■■ Absent a showing that the State's conduct amounted to joint participation with the plaintiff or that the private action and the State's conduct had a sufficiently close nexus, mere State participation will not constitute state action. *State v. Miller*, 117 N.H. 67, 68, 369 A.2d 197, 198 (1977) (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974) and *Burton v. Wilmington Pkg. Auth.*, 365 U.S. 715, 725 (1961)). The mere use of State forms or directives to a county official is not sufficient to make the plaintiff's action that of the State.

■ The defendant argues that the United States Supreme Court has determined that action similar to that taken by the plaintiff is actionable under the fourteenth amendment and 42 U.S.C. § 1983 (1976). *See Fuentes v. Shevin*, 407 U.S. 67, 96–97 (1972); *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 341–42 (1969); *cf. Flagg Bros., Inc., v. Brooks*, 436 U.S. at 164–65 (1978) (statute permitting "self-help" repossession not sufficient state involvement to be state action). These cases, however, are distinguishable from the instant case. In those cases, the State sanctioned the conduct by statute. In this case, the plaintiff's conduct was improper and not approved or sanctioned by the State by statute or otherwise.

Because we find no state action, we will not consider the other issues presented in this appeal.

*Reversed.*

All concurred.