Strafford
No. 81-301

DIANE M. ESTLOW

v.

NEW HAMPSHIRE SWEEPSTAKES COMMISSION

August 6, 1982

*Fisher, Moran, Willoughby, Clancy & White,* of Dover (*Stephen A. White* on the brief, and *Edward T. Clancy* orally), for the plaintiff.

*Gregory H. Smith,* attorney general (*Loretta S. Platt,* attorney, on the brief and orally), for the State.

BATCHELDER, J.   Diane M. Estlow, a ticket agent for the New Hampshire Sweepstakes Commission since March 1977, purchased a sweepstakes ticket on September 26, 1977. The particular ticket in question contained a joker prize in the bingo instant sweepstakes

that entitled her to a twenty-four-week subscription in the "50/50 Sweepstakes" instant lottery game. The plaintiff then selected a number to be entered every week for twenty-four weeks in the "50/50 Sweepstakes" and mailed it on the appropriate form to the commission on September 30, 1977. She received a confirmation card on October 26 designating an effective date of October 28, 1977. During the intervening period, from September 30 to October 28, the number selected by the plaintiff was determined to be the winner of a $5,000 prize by the October 14 weekly drawing. The plaintiff made a demand upon the commission for payment of the prize. The commission refused, and she instituted this suit on October 30, 1977. After a hearing before a Master (*Robert A. Carignan*, Esq.), a decision was returned for the defendant and approved by the Court (*Wyman*, J.). We affirm.

The brochure issued by the New Hampshire Sweepstakes Commission explaining the weekly 50/50 sweepstakes drawing stated that the number selected was "[n]ot valid until confirmed by the New Hampshire Sweepstakes Commission." The sweepstakes commission also issued a subscription application form which allowed subscribers to select a number to be effective for a selected number of weeks in the weekly 50/50 sweepstakes drawing. That application contains the statements that: "[a]ctual participation in the Sweepstakes will begin as of the effective date shown on the multi-week subscription ticket and will end as of the expiration date shown," and that confirmation of the acceptance would be received in "approximately three weeks." The confirmation card which was sent to Mrs. Estlow contained the following statement: "Your subscription is valid for all of the Friday drawings starting with the effective date [10/28/77] and ending with the expiration date [4/07/83] shown."

■■ The master found that when the plaintiff accepted the defendant's offer, it contained a condition that her application had to be verified by the sweepstakes commission before she could participate in the drawings. He also found that there was never any agreement, expressed or implied, that the plaintiff would be paid for a number drawn before the effective date of the subscription. The terms of a contract are questions of fact to be determined by the trier of fact, and, when supported by the evidence, we will uphold its findings. *Saucier Co. v. McVetty*, 107 N.H. 419, 421, 223 A.2d 520, 521 (1966). Because there was sufficient evidence, we affirm.

*Affirmed.*

All concurred.