Hillsborough
No. 81-292

TOWN OF MILFORD

v.

AVERY JOHNSON

October 14, 1982

*Brown & Nixon P.A.*, of Manchester (*David W. Hess* on the brief and orally), for the plaintiff.

*Jeffry A. Schapira*, of Manchester, by brief and orally, for the defendant.

BROCK, J. The only issue to be decided in this appeal is whether the Trial Court's (*DiClerico*, J.) order requiring the defendant, Avery Johnson, to pay attorney's fees incurred by the plaintiff, Town of Milford, which prevailed against him in an action for injunctive relief, was proper under *Harkeem v. Adams*, 117 N.H. 687, 377 A.2d 617 (1977).

The defendant owns forty-seven acres of land in Milford, New Hampshire. Sometime before August 1980, he began construction of a "solar home/solar laboratory" in the center of his tract. On several occasions since that time, town officials have ordered the defendant to cease and desist construction and requested that he apply for a building permit. The defendant persistently refused to comply with these requests, arguing that the Milford zoning ordinance, which requires building permits for all structures, violated his constitutional right to privacy. In support of his argument and his decision not to apply for a building permit, the defendant relied

upon dictum he found in this court's decision in *Carey v. Westmoreland*, 120 N.H. 374, 415 A.2d 333 (1980), stating that liberty "requires that government not interfere with our lives so long as we do no injury to others." *Id.* at 376. He argued that his case is similar to *Carey* because the building he was constructing with his own hands and in his spare time, was located in the middle of his forty-seven acres, and was not visible to anyone beyond the boundaries of the parcel; thus it "did harm to no one."

In November 1980, the town filed a petition for temporary and permanent injunctive relief against the defendant seeking: to enjoin him from further construction; to require him to apply for a building permit; and to compel him to pay fines, costs and attorney's fees. The defendant appeared *pro se* in all proceedings before the trial court. After a hearing, the trial court ordered the defendant to apply for a building permit and, finding that the defendant's refusal to apply for a building permit had been "deliberate and wanton," it ordered him to pay the plaintiff's costs and attorney's fees in the amount of $1,724.51. Pursuant to that order, the defendant applied for and received a building permit, but he refused to pay the attorney's fees and requested a rehearing on that issue. After a rehearing, the trial court reaffirmed its previous order concerning the attorney's fees, and the defendant appealed.

■■ In its award of attorney's fees to the plaintiff, the trial court relied upon this court's decision in *Harkeem v. Adams*, which establishes standards for awarding attorney's fees in certain cases. *See* 117 N.H. at 691, 377 A.2d at 619. It found that the defendant's failure to comply with the Milford zoning ordinance supported a finding of bad faith, or conduct so contemptuous, or outrageous, as to allow an exception to the general rule that parties pay their own counsel fees. *See Pugliese v. Town of Northwood*, 119 N.H. 743, 752, 408 A.2d 113, 119 (1979). It is well settled that our scope of review in cases such as this is limited. *Gauthier v. Robinson*, 122 N.H. 365, 369, 444 A.2d 564, 566 (1982). We nevertheless consider that the facts before the trial court do not support its finding of bad faith, contemptuous, or outrageous conduct in this case. It is apparent that the defendant did little more than assert what one could honestly believe were his constitutional rights against the town in the American tradition of "fighting City Hall." *But see Manchester v. Hodge*, 75 N.H. 502, 77 A. 76 (1910). His conduct therefore does not fall under any of the exceptions to the general rule set forth in *Harkeem v. Adams*, 117 N.H. at 690–91, 377 A.2d at 619; therefore,

he should not be penalized for asserting his rights by having to pay the town's attorney's fees. *Id.* at 690, 377 A.2d at 618.

*Reversed.*

KING, C.J., did not sit; BOIS, J., dissented; the others concurred.

BOIS, J., dissenting: The material question before us is whether the trial court *abused its discretion* when it found that the defendant's repeated failure to comply with the Milford ordinance constituted bad-faith conduct supporting an award of attorney's fees under *Harkeem v. Adams*, 117 N.H. 687, 377 A.2d 617 (1977).

The majority, citing *Gauthier v. Robinson*, 122 N.H. 365, 369, 444 A.2d 564, 566 (1982), recognizes that "it is well settled that our scope of review in cases such as this is limited." The majority, however, ignores the well-established principle of *Gauthier* that this court will not substitute its judgment for that of the trier of fact and that we will uphold the findings and rulings of the trier of fact unless they are unsupported by the evidence or are erroneous as a matter of law. 122 N.H. at 369, 444 A.2d at 566; *see Suojanen v. Tardif*, 121 N.H. 1036, 1038, 437 A.2d 310, 311 (1981); *St. Germain v. Adams*, 117 N.H. 659, 663, 377 A.2d 620, 623 (1977). The majority also disregards recent decisions in which we have reaffirmed our reluctance to encroach upon the factfinder's province. *E.g., Estlow v. N.H. Sweepstakes Commission*, 122 N.H. 719, 720, 449 A.2d 1212, 1213 (1982); *Town of Harrisville v. Clooney*, 122 N.H. 586, 587, 448 A.2d 381, 382 (1982); *Bradley v. Patterson*, 121 N.H. 802, 805, 435 A.2d 129, 132 (1981); *Jerry's Sport Center, Inc. v. Novick*, 120 N.H. 371, 373, 415 A.2d 331, 332 (1980).

In this case, the trial court specifically found that the defendant had openly defied the law and acted in an unreasonably obdurate and obstinate fashion. The court ruled that the defendant had forced Milford taxpayers to retain counsel unnecessarily simply because he refused to go to the board and find out if a building permit would be issued.

In my opinion, the evidence overwhelmingly supported the trial court's decision. The evidence revealed that the town selectmen met personally with the defendant on several occasions and informed him that he was required to obtain a building permit. The evidence also showed that the defendant received correspondence from the town, requesting him to apply for a building permit. The record, moreover, indicated that despite his knowledge of the permit requirement, the defendant consistently refused to apply for a permit. Finally, the evidence suggested that the town acted reasonably and prudently throughout the matter. Certainly, the

trial court could rationally have concluded on these facts that the defendant had acted in bad faith.

Although the defendant claimed that his persistent disregard for the law was based on a good-faith assertion of his constitutional rights, the trial justice, as trier of fact, was not compelled to accept this claim. *See 93 Clearing House, Inc. v. Khoury*, 120 N.H. 346, 350, 415 A.2d 671, 674 (1980). The trial justice was in the best position to evaluate the defendant's credibility, and we should not usurp this role. *Id.*, 415 A.2d at 674; *see Gosselin v. Archibald*, 121 N.H. 1016, 1021, 437 A.2d 302, 307 (1981).

Because I cannot say that the trial court's findings are without support in the evidence or erroneous as a matter of law, I would hold that the court's award of attorney's fees did not constitute an abuse of its discretion.