Rockingham
No. 82-078

JAMES J. COLBY, JR. *& a.*

v.

TOWN OF RYE

December 8, 1982

*Boynton, Waldron, Doleac, Woodman & Scott P.A.*, of Portsmouth (*Jeremy R. Waldron* on the brief and orally), for the plaintiffs.

*Tetler & Holmes*, of Hampton (*Gary W. Holmes* on the brief and orally), for the defendant.

## MEMORANDUM OPINION

The plaintiffs own a Victorian cottage in the town of Rye which has been used primarily as a summer home. In 1979 they decided to make certain improvements so that the house would be inhabitable year-round. The renovation plans called for the west porch to be enclosed and converted into a kitchen area, and another porch to be added to the new enclosure. The plaintiffs applied for a building permit. The town approved the enclosure of the porch; however, because the house did not meet the side-line and lot size requirements of the town's zoning ordinance, the plaintiffs were denied permission to build a new porch onto the enclosure. The Rye Zoning Ordinance, Section XIII 3, states that "expansion of non-conforming uses is not allowed."

The plaintiffs applied to the town board of adjustment for a variance for the proposed porch. Their request for a variance was denied, and they appealed under RSA 31:78 to the superior court. The plaintiffs contended that replacing the porch was not an expansion of a nonconforming use and that, even assuming that it was, they were entitled to a variance. The Master (*Charles T. Gallagher*, Esq.) found that although the house without the proposed porch "looks like the devil" and was not in keeping with its Victorian design, the plaintiffs failed to show that the board's denial of a variance would result in unnecessary hardship. He therefore affirmed the denial of the variance. The master's report was approved by *Dalianis*, J.

██ Nonconforming uses are protected by our State Constitution. N.H. CONST. pt. I, arts. 2 and 12; *see Town of Hampton v. Brust*, 122 N.H. 463, 468, 446 A.2d 458, 460 (1982). However, expansion of such a use into a new area may be prohibited. *Id.* at 470, 446 A.2d at 461. Where a nonconforming dwelling is enlarged so as to render a lot size proportionally more inadequate, there is an expansion of a nonconforming nature of the structure which may be prohibited. *Town of Seabrook v. D'Agata*, 116 N.H. 472, 473, 362 A.2d 182, 183 (1976).

██ The board's denial of a variance cannot be overturned unless the trier of fact is persuaded by the balance of the

probabilities, on the evidence before it, that the denial was unlawful or unreasonable. RSA 31:78 (Supp. 1981); *Burke v. Town of Jaffrey*, 122 N.H. 510, 513, 446 A.2d 1169, 1171 (1982); *Belanger v. City of Nashua*, 121 N.H. 389, 391, 430 A.2d 166, 168 (1981). In the case at bar, the master found that the plaintiffs did not show that the denial of the variance would result in unnecessary hardship, although they met the other criteria. *See Ouimette v. City of Somersworth*, 119 N.H. 292, 294, 402 A.2d 159, 161 (1979). Upon review of the record we cannot say that the master erred. *Estlow v. New Hampshire Sweepstakes Commission*, 122 N.H. 719, 720, 449 A.2d 1212, 1213 (1982); *Town of Harrisville v. Clooney*, 122 N.H. 586, 587, 448 A.2d 381, 382 (1982).

*Affirmed.*