Before this Court is Gayla Savage's appeal of the May 17, 2000, decision of the Zoning Board of Review of the Town of Westerly (Board). Gayla A. Savage appeals the decision both as an individual, and as Trustee for the Gayla A. Savage Trust (collectively Savage). The Board denied Savage's appeal by affirming Westerly Zoning Official Anthony Giordano's (Zoning Official) response to the request for Zoning Certificate/Information of W. Mark Russo, Esquire (Russo), dated October 18, 1999. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 FACTS/TRAVEL
In 1993, Wal-Mart Stores, Inc. (Wal-Mart) erected a general merchandise store on Post Road, U.S. Route 1, in Westerly, Rhode Island. The store was located on a 21.25 acre parcel of property, which at the time of construction, was located in a B-2 (Business) zoning district. In a B-2 district, a general merchandise store, regardless of size, was a permitted use with no separate distinction for supermarket stores. At the time it was erected, the Wal-Mart was in conformance with all applicable ordinances.
The Westerly Town Council subsequently adopted a new zoning ordinance on October 16, 1998. (1998 Ordinance Article I, Section 3.4.) The new ordinance eliminated the B-2 zoning district and replaced it with several new zoning districts. Among the new districts created was the HC (Highway/Commercial) zone. The Wal-Mart property is now situated in a HC zoning district. Wal-Mart as it currently exists is not in conformity with the new ordinance. According to the Standard Use Tables for a HC zone, Wal-Mart is classified as a general merchandise store in excess of 2,000 square feet. Under the new ordinance, a general merchandise store in excess of 2,000 feet requires a special use permit. (1998 Town of Westerly Ordinance Article I, Section 4.2 at Code 3.1.) In addition, the new ordinance includes a separate use category for a supermarket, which is a permitted use within a HC zone. Id. at Code 3.1.
In March 1999, Wal-Mart proposed, in applications to the Planning and Zoning Boards of the Town of Westerly, four additions to the existing structure. These additions included a) a supermarket addition to the west side; b) a frontward expansion of the general merchandise store; c) a frontward and sideward expansion of the general merchandise store to the north and south; and d) a rear expansion to the north of 55 feet width along the entire length of the existing store as a storage area with the general merchandise store expanded into the existing storage area.
In April 1999, The Zoning Official determined that the additions, described in b, c, and d above, would expand the general merchandise area and could only be constructed if Wal-Mart obtained a special use permit. Thereafter, Wal-Mart eliminated the general merchandise area additions and limited its revised plans to consist of only the supermarket addition to the west side of the existing structure.
On October 18, 1999, W. Mark Russo, Esquire (Russo), requested a determination from the Westerly Zoning Official, as to whether a special use permit was required for the addition of a supermarket to the existing Wal-Mart retail store in the Town of Westerly. In his request, Russo stated:
 " . . .the Wal-Mart Store as it currently exists is a nonconformity which, according to R.I. Gen. Laws § 45-24-40 and Ord. Art II § 7.5 (B)(C), may be changed in use only if a Special-Use Permit is granted for that new use. Thus, if the Wal-Mart is expanded by adding a[sic] 83,000 square foot supermarket as proposed, then that change in use requires a Special-Use Permit. Furthermore, if the Wal-Mart as it currently exists is in dimensional "non- conformity" (e.g. parking spaces), then the structure cannot be expanded." See Plaintiff's Brief App.2.
On November 1, 1999, the Zoning Official responded to Russo's request. The Zoning Official determined that the Wal-Mart proposal is simply an addition of a supermarket, which is permitted in a Highway Commercial zone. See Plaintiff's Brief App. 3. The Zoning Official went on to state that "[a] supermarket . . . is permitted as of right in the Highway/Commercial Zone." Id. Since Wal-Mart was adding a permitted use and not expanding a nonconforming use, no special use permit was required.
On or about November 30, 1999, Savage, as an abutting neighbor of the Wal-Mart, appealed the Zoning Official's determination to the Zoning Board of Review for the Town of Westerly. After notice was given, the Board held public hearings on April 5, 2000, and April 26, 2000. On May 17, 2000, the Board denied Savage's appeal and recorded its decision in the Land Evidence Records. The Board, in upholding the Zoning Inspector's determination, held that "a supermarket in excess of 10,000 square feet is a permitted use in the Highway/Commercial zoning district in which the Wal-Mart property is located and does not require a special use permit in this zone." (Town of Westerly Zoning Board of Review May 17, 2000 Decision at 3.) This appeal timely followed.
 STANDARD OF REVIEW
This Court possesses appellate review jurisdiction of a zoning board of review decision pursuant to G.L. § 45-24-69(D):
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
"In reviewing the action of a zoning board of review, the trial justice must examine the entire record to determine whether `substantial' evidence exists to support the board's findings." Toohey v. Kilday,415 A.2d 732, 735 (R.I. 1980) (citing DeStefano v. Zoning Bd. of Reviewof Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979); Apostolou v.Genovesi, 120 R.I. 501, 504, 388 A.2d 821, 824-25(1978); see also NewEngland Naturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more that a scintilla but less than a preponderance." Apostolou, at 825. Moreover, this court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the board's decision if the court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985) (citations omitted).
 DIMENSIONAL NONCONFORMANCE
All parties to this appeal agree that at the time it was constructed in 1993, the Wal-Mart was in conformance with the applicable Westerly Zoning Ordinances. Subsequently, the Town amended the ordinance and as a result, the Wal-Mart store became legally non-conforming. The Town of Westerly Zoning Ordinance defines a non-conformance as:
 "A building, structure, or parcel of land, or use thereof, lawfully existing [sic] at the time of the adoption or amendment of a zoning ordinance and not in conformity with the provisions of such ordinance as amended. Nonconformance shall be of only two (2) types:
 (a) Nonconforming by use: "Nonconforming by use" means a lawfully established use of land, building or structure which is not a permitted use in that district. . .
 (b) Nonconforming by dimension: "Nonconforming by dimension" means a building, structure or parcel of land not in compliance with the dimensional regulations of the zoning ordinance." 1998 Town of Westerly Ordinance Article I, Section 2.1.
The Board determined the Wal-Mart as it currently exists, is a nonconformance by dimension. (May 17, 2000 Decision at 3.) With the adoption of Article I, Section 4.2, if the dimensions of a general merchandise store are over 2,000 square feet, a special use permit is required. The record reflects that the Wal-Mart, as it currently exists, does not meet this dimensional regulation and it is nonconforming dimensionally.
With respect to the continuation of nonconforming structures, Westerly Ordinance Article I, Section 7.5, in pertinent parts, reads:
 "(A) Continuance of a Non-Conformance. Any structure or the use of any structure or land which structure or use was lawful at the date of the enactment of this Zoning Ordinance and which is nonconforming under the provisions of this Zoning Ordinance, or which will be made nonconforming by any subsequent amendment, may be continued subject to the following provisions.
 (C) Dimensional nonconformance of structures. All buildings or structures which are nonconforming by dimension, are governed by the following:
 (1) Expansion. A structure which does not conform to the dimensional standards of this Zoning Ordinance may not be expanded, enlarged, or increased in any way that would increase the nonconformance of the structure." 1998 Town of Westerly Ordinance Article I, Section 7.5.
Savage argues that since the Wal-Mart is a nonconforming use, it may be changed only if a special use permit is granted by the Board. Savage argues that "[t]he Wal-Mart as it currently exists is not in conformity . . . therefore, pursuant to. . . Section 7.5(B) (C), the Wal-Mart may be changed in use or dimension only if a special use permit is granted." (Plaintiff's Brief at 6.)
Savage's argument for a special use permit is misplaced. According to the language of Section 7.5(C)(1), the Wal-Mart may be changed as long as there is no increase in the nonconformance of the structure. There is no requirement in Section 7.5(C)(1) that Wal-Mart must obtain a special use permit. Westerly Town Ordinance Article I, Section 7.5(B)(2), which pertains to a nonconforming use, requires a special use permit when changing the nonconforming use. As the Board rightfully determined, this application presents a nonconformance by dimension. Therefore, no special use permit is required and the expansion is permitted as long as the Wal-Mart's nonconformance is not increased.
In Westerly, a supermarket is defined as a "retail establishment primarily selling food as well as other convenience and household goods, and having a gross leasable floor area of 10,000 square feet or more." (1998 Westerly Ordinance Article I, Section 2.1.) As stated above, a supermarket is a permitted use in an HC zone; no special use permit is required. At the hearings before the Board the following dialogue occurred between Thomas Liguori, the attorney for Wal-Mart, and the Zoning Official:
 "Mr. Liguori: And you expected the Wal-Mart supermarket to sell those items currently found in supermarkets in the Town of Westerly; is that correct?
 Mr. Giordano: Yes.
 Mr. Liguori: . . . the primary devotion of the facility has to be, like at McQuades, of the expansion area, has to be like at McQuades, like at Stop and Shop, like at Shaw's, food sales?
 Mr. Giordano: Yes.
 Mr. Liguori: And that's how you intend to enforce it if any questions are brought to your attention?
 Mr. Giordano: Yes." April 5, 2000 Tr. at 68-70.
There is substantial evidence in the record that what is being proposed by Wal-Mart is, in fact, a supermarket.
At further issue is whether the addition of the supermarket would result in an expansion of the area dedicated to the dimensional nonconformance of the structure. Wal-Mart argued to the Board that the area devoted to the nonconformance will not be expanded; a permitted use, the supermarket, will be added. Further, Wal-Mart argues that the expansion will not violate Section 7.5(C)'s prohibition against increasing the nonconformance of a structure. The floor plans for the addition show that the supermarket will have separate loading docks and storage areas for the two uses, as well as aisles in different directions for the general merchandise and supermarket areas. (See Defendant's Brief p. 10.) The area devoted to the nonconforming general merchandise store, the existing structure, will not be increased.
The Board concluded. "[a] supermarket in excess of 10,000 square feet is a permitted use in the Highway Commercial zoning district in which the Wal-Mart is located and does not require a special use permit." (May 17, 2000 Decision at 3.) In addition, the Board concluded " Mr. Giordano's limitation of the improvement to a supermarket and prohibition of increased floor area to the general merchandise store fits the language of the above ordinance. . ." Id. The Board's finding that the proposed addition is a permitted use and no special use permit is required is supported by the probative evidence of record. Substantial evidence exists on the record showing that the supermarket will be separate from the dimensional nonconformance, and that the addition will not increase the nonconformance of the Wal-Mart. As proposed, the addition of a supermarket to the existing Wal-Mart is permitted by right.
In interpreting similar ordinances, several other jurisdictions allow the expansion of a permitted use to a structure which is nonconforming. In Masterson v. Board of Zoning Appeals of the City of Virginia Beach,353 S.E.2d 727 (Va. 1987), the plaintiff argued that an addition to a structure that was a nonconformance necessarily increased the nonconformity. The relevant ordinance provided that "[n]o nonconforming structure shall be enlarged, extended, reconstructed, or structurally altered, if the effect is to increase the nonconformity." Virginia Beach Code § 105(d). The Supreme Court of Virginia concluded that "[t]he only reasonable construction of this language, then, is that it allows additions or alterations that themselves conform to the zoning requirements, as such changes cannot also increase the nonconformity."Id. at 733 (citing Gagne v. Lewiston Crushed Stone Co., 367 A.2d 613, 622 (Me. 1976) (physical attachment of a permitted use to a nonconforming use does not constitute an enlargement of a nonconforming use, and is therefore allowed)); Town of Seabrook v. D'Agata, 362 A.2d 182, 183 (N.H. 1976) ("expansion of a nonconforming use means expansion in the nonconforming features").
The Board's decision and the determination of the Zoning Official, that what is being proposed is an addition of a permitted use and not the expansion of a nonconformance is supported by the reliable, probative, and substantial evidence of record. According to the Westerly Town Ordinances, no special use permit is required to construct a supermarket over 10,000 square feet. Therefore, this Court finds that the addition of a permitted use does not expand the existing dimensional nonconformance.
 CONCLUSION
Upon review of the entire record, this Court finds that the decision of the Board is not clearly erroneous and is supported by the reliable, probative, and substantial evidence of record. Substantial rights of Savage have not been prejudiced. Therefore, the decision of the Board is affirmed.
Counsel shall submit the appropriate judgment for entry after notice.